## IN RE BIG BEND DRAINAGE DISTRICT
## CHICAGO & NORTHWESTERN RAILWAY CO. v. BIG BEND DRAINAGE DISTRICT

### (No. 1080; Decided Aug. 29th, 1922; 208 Pac. 872)

APPEAL AND ERROR—EXTENSION OF TIME FOR APPEAL BY RE-ENTRY OF JUDGMENT INEFFECTIVE—DISMISSAL—ESTOPPEL.

1. The appellant having failed to serve a notice of appeal within ten days from the entry of the order appealed from as required by statute (6402 C. S. 1920) the right to appeal was lost and the trial court, being without anything to restore the right, could not accomplish that result indirectly by vacating and re-entering the order, there being no claim of fraud or mistake in the original entry of the order.

2. Where the right of appeal was lost by lapse of time but the trial court in order to restore the right of appeal, vacated the order and re-entered it as of a later date, and the appeal was perfected, respondent by appealing for the purpose only of questioning the right of the trial court to vacate and re-enter the former order, was not estopped to deny the jurisdiction of the appellate court to entertain the appeal from the order as re-entered.

APPEAL from the District Court of Fremont County; HON. CYRUS O. BROWN, Judge.

Proceeding for the organization of the Big Bend Drainage District. From an order overruling objections of the Chicago & Northwestern Railway Company to the confirmation of the final report of the commissioners, the railway company appeals. Heard on motion to dismiss the appeal.

*O. N. Gibson,* for respondent in support of the motion.

This is the second appearance of this case in this court. The former appeal was dismissed for failure of serving notice within time, the appellant then moving the trial court for a vacation of judgment on the ground that its counsel were misled into the belief that the record should show the entry of judgment as well as the date of rendition. The trial court ordered that the judgment be vacated and re-

rendered as of the 12th of November, 1921. Notice of appeal was served within ten days of its entry. Respondent now moves that the appeal be dismissed on the following grounds: First, that the trial court was without power to restore a lost right of appeal by vacating its judgment and re-entering it as of a later date; second, that even if the court had such power in the absence of statute, the statute governing this proceeding precludes its exercise herein; third, if such power existed the record negatives any warrant for its exercise. This is not a case where the original judgment was subsequently altered or amended, or within the rule announced in School District v. Western Tube Co., 13 Wyo. 304. Hence the period of limitation runs from the date of the original entry, which is the general rule. (3 C. J. 1050; Snyder v. James, 2 Wyo. 252.)

The statute having fixed the time within which proceedings must be commenced, it is not within the power of the court to shorten nor lengthen the time thus fixed. (Hahn v. Bank, 25 Wyo. 467; Boner v. Bank, 25 Wyo. 260; Bank of Monroe v. Wider, 11 Paige, 529; Humphrey v. Chamberlin, 11 N. Y. 275; Wait v. Van Allen, 22 N. Y. 322; Memphis R. R. Co. v. Johnson, 16 Lea (Tenn.) 387; Mount v. Van Ness, 34 N. J. Eq. 523; Weed v. Lyons, Walk (Mich.) 77; Whitney v. Townsend, 7 Hun. (N. Y.) 233, 67 N. Y. 40; Cotes v. Smith, 29 How. Pr. (N. Y.) 326, 31 How. Pr. 146; Townsend v. Townsend, 2 Paige (N. Y.) 281; Agassiz v. Kelleher, 11 Wash. 88, 39 Pac. 228.)

The statute regulating drainage proceedings precludes the exercising of such power and the general rules of civil code or common law will not control (Sec. 6395 C. S. 1920). Appeals from orders made in such proceedings must be taken within thirty days (1030, 1052, 1084, 1094 C. S. 1920). Neither the trial nor appellate court has power to enlarge the statutory period for appeals. (Fremont Lodge v. Thompson, 24 Wyo. 14; Holt v. City of Cheyenne, 22 Wyo. 212-228; Boner v. Bank, 25 Wyo. 260-263; Esselyn v. Owl Creek Coal Co., 25 Wyo. 406; Bank v. Goodrich, 26 Wyo. 492.) The power of courts of general jurisdiction to open

and vacate their judgment during the term at which rendered, is subject to statutory control. (Ellis v. Ellis, 92 Tenn. 471, 22 S. W. 1; State v. Adams, 84 Mo. 310; Long v. Kingfisher Co., 5 Okl. 128; Townley v. Adams, 118 Cal. 382; 23 Cyc. 907.)

When a motion to open or vacate a judgment is addressed to the equitable powers of the court it should be granted on a showing of statutory grounds. (23 Cyc. 894, 912.) It is an abuse of discretion to open or vacate a judgment where the moving party shows no legal ground therefor. (23 Cyc. 895.) It is believed to be within the bounds of propriety to discuss this question on motion to dismiss. This court under similar circumstances recently denied relief. (Boner v. Bank, supra.)

The appellate court is without jurisdiction. The trial court had no power to restore lost right of appeal by the mere device of vacating and re-entering the judgment.

*P. B. Coolidge* and *Wymer Dressler*, for appellant in resistance of motion.

A judgment remains subject to the control of the court during the whole of the term at which rendered. (23 Cyc. 901, 908.) An application to vacate a judgment during the term is addressed to the equity of the court; the vacation order was made upon the possibility of a misunderstanding of counsel as to the date of the entry of the order; the trial court was desirous of according to appellant its right to a review of the case on the merits. The question of abuse of discretion involves a consideration of the case on the merits. The drainage district is estopped to deny the jurisdiction of this court, it having itself appealed from the judgment of the District Court. The plenary power of the trial court over its own judgment at the term at which rendered is so well established, and its discretion in dealing with its own orders at the same term, are so broad that we do not consider it necessary to discuss the subject further. In the absence of clear abuse of discretion, the appellate court would not be disposed to disturb the action of the trial court. In

the case no abuse of discretion is shown, but on the contrary, the record shows that the trial court did properly exercise its equitable power to vacate the judgment and re-enter the same. In any event an abuse of discretion would not be a basis for disputing the jurisdiction of the appellate court to hear the controversy although under proper facts the appellate court might reverse the action of the trial court on the ground that it was the result of an abuse of power.

KIMBALL, Justice.

In a proceeding for the organization of the Big Bend Drainage District the Chicago & Northwestern Railway Company filed objections to the confirmation of the final report of the commissioners. The hearing upon the issues thus raised was concluded in the trial court July 28, 1921, when the judge announced in open court that he would overrule the objections and confirm the report, but the order to that effect, though dated July 28, was not signed by the judge until August 20, and not filed and entered until August 22. The railway company, appealing from that order, brought the case here under the so-called direct appeal statute. The record on appeal disclosing that the notice of appeal was served and filed July 28, and that the order appealed from was entered August 22, the motion of the respondent to dismiss the appeal on the ground that the notice was premature was sustained without opinion on October 25. On November 12, after the return of the record to the district court, on motion of the railway company, the order entered August 22 was vacated and "re-rendered" as of November 12. All the foregoing proceedings in the District Court were had during the May, 1921, term. Thereafter, on November 17, an order confirming the report of the commissioners, identical, except for its date, with the order previously appealed from, was copied in the journal, and from this, as a final order entered November 17, the railway company has taken the appeal with which we now have to deal. The respondent has moved to dismiss this appeal on the ground that the notice of appeal required by

Section 6402, Wyo. C. S. 1920 was not served within ten days from the entry of the order appealed from. It is contended that that order was entered August 22, and no appeal having been taken therefrom by serving and filing such notice, the District Court was without the power thereafter to restore the lost right of appeal by merely vacating the order and entering it as of a later date.

In vacating and re-entering the order there was no attempt to disguise the purpose to restore a lost right of appeal. The motion upon which the court acted recited frankly that the time for appealing from the order entered August 22 had expired, and that the railway company would be precluded from appealing unless said order were vacated and a new order rendered. As a ground of said motion it was alleged that on July 28, when the decision was announced, it was agreed in the presence and hearing of the judge that the order to carry out the decision, when prepared and signed, would be entered as of the date July 28. The denial of this agreement made the principal if not the sole issue of fact at the hearing of the motion. We do not think it is necessary to inquire what relief might or should have been granted if this alleged agreement had been made. The court found that there had been no such agreement, and we accept the finding as settling that fact. From recitals in the motion it appears that on July 28 the railway company knew that the order in question would not be actually entered until some time later, and there was no claim that the date of actual entry was concealed or misrepresented by any one. However, in acting upon the motion it was recited that:

"The court * * * is of the opinion that there was an opportunity for and may have been a misunderstanding as to the date of the entry of said order, and that the counsel for the railroad company may have misunderstood that the order and judgment would be entered of the 28th day of July, 1921," and the order was vacated and "re-rendered" as already explained.

The effect of this alteration of the record is not to be determined by a consideration of the power of a court to vacate or modify its judgments at the term at which they are rendered. The court did not undertake to alter the order, but only the date of its entry. And it changed the date of entry not because the order had been previously entered of a wrong date, but only for the purpose of making a new date of entry from which a new period for appeal might be reckoned. The effect of the court's action, therefore, is to be determined by a consideration of its power to restore a right to appeal.

Under the statute cited above, appeals must be taken by serving and filing a notice of appeal within ten days from the entry of the order or judgment appealed from. There is no statutory authority for extending this time, or for granting relief to a party who has failed to take an appeal within the time. Whether, in any case, independent of statute, the court has the inherent power to restore a right to appeal after the expiration of the time for serving the notice, need not be determined. Assuming, without deciding, that this power might exist in cases where the failure to give the notice was the result of fraud, accident or mistake, it should not be exercised merely because there has been an opportunity for, and possibility of, a misunderstanding as to the date of the entry of the appealable order. We are of opinion that in this case the period of limitation for appeal ran from August 22, the date of the original entry of the final order appealed from; the appellant having failed to serve a notice of appeal thereafter within the time required by statute, the right to appeal was lost, and the trial court, being without authority to restore the right, could not accomplish that result indirectly by vacating and re-entering the order. (3 C. J. 1070 and cases there cited. Also; Memphis & C. R. Co. v. Johnson, 16 Lea (Tenn.) 387; Caldwell v. Mayor, 9 Paige (N. Y.) 572.)

It is contended that the drainage district is estopped to deny the jurisdiction of this court because it also has appealed from the judgment. However, the appeal of the

drainage district is not from the order entered August 22, nor from that order as re-entered November 17, but is from the order of November 12, and apparently for the purpose only of questioning the right of the trial court to vacate and re-enter the order of August 22. We do not think that appeal operates as an estoppel.

*The appeal is dismissed.*

BLUME, J., and BURGESS, District Judge, the latter sitting instead of Potter, Ch. J., who is ill, concur.