## BOULTER v. COOK
(No. 1225, June 3rd, 1924; 226 Pac. 447.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—ASSIGNMENTS OF ERROR— PRESENTATION OF BILL—ORDERS MADE OUT OF TERM—EXTENSION OF TIME—CERTIFICATION OF BILL.

1.  Under Comp. St. 1920, § 5867, proper time for filing a bill is after it has been allowed and signed.
2.  Allowance of a bill, by a judge who overruled motion for new trial, based on grounds requiring consideration of evidence and exceptions taken at trial, was sufficient to authenticate that part of it containing evidence and trial

exceptions, as well as motion for new trial, ruling thereon, and exception thereto, so far as necessary to consideration of exception to such ruling.

3.  Where a petition in error assigns as error the single ground that the court erred in denying motion for new trial, such assignment, under rule 13, questions each matter present-ed by motion for new trial.

4.  Where a motion for new trial is necessary to consideration of question, the date of order denying it is held to be date of judgment, decree, or final order, within the meaning of Comp. St. 1920, § 5864, as to time for presenting bill of exceptions.

5.  Under Comp. St. 1920, §§ 5730-5738, district courts are open at all times for transaction of certain business and entry of certain orders, so that orders authorized to be made and entered out of term become orders with the same effect, generally, as if made and entered in term, and, while they should not be entered as term orders, such entry does not prejudice rights of parties.

6.  Judge's power under Comp. St. 1920, §§ 5730-5735, to sign and allow bills of exceptions in any county or judicial district includes extending of time for reducing exceptions to writing and presenting for allowance, and an order therefor may be granted as court order whereever judge may be when receiving and considering application for extension.

7.  Where bill, preceding certificate, stated that it contained all the evidence and exceptions, certificate thereto being part of bill was not subject to motion to strike because it did not state that the bill contained all evidence and exceptions.

ERROR to District Court, Fremont County; CYRUS O. BROWN, Judge.

Action by Anna L. Cook, executrix of the estate of John W. Cook, deceased, against Ray Boulter and another. There was judgment for plaintiff and defendants bring error. Heard on motion to strike bill of exceptions and dismiss the proceedings.

*Gordon J. Christie* for the motion.

The bill was not presented in time and there was no valid order extending time; 5864 C. S., motion for new trial was

denied August 17, 1923; the bill of exceptions was not presented or allowed until November 19, 1923, which was too late, Morgan v. State, 181 Pac. 598, Schlessinger v. Cook, 8 Wyo. 484; the order made by Judge Rose on October 15, 1923 extending time was invalid; the bill was not allowed in open court nor signed by the trial judge, Sterling v. Wagner, 4 Wyo. 5; Chatterton v. Bonelli, 196 Pac. 316; Gilpatrick v. Perry, 188 Pac. 442; Vines v. State, 116 Pac. 1015. The respective parts of the bill are not certified by the proper judges; 5867 C. S., Callahan v. Houck & Co., 14 Wyo. 201; the proceedings present no question for consideration by the court, Jones v. Ormeling, 222 Pac. 569; Sup. Ct. Rule 13; a bill must be presented within the statutory time or within that time, an extension of time be granted in open court or by the trial judge, (See cases cited above); the certificate is insufficient in form and substance, Callahan v. Houck & Co. supra; errors complained of should be assigned by motion for new trial, Jones v. Ormeling, supra.

*T. S. Taliaferro, Jr.* and *W. A. Muir* contra.

Judge C. O. Brown heard the cause; Judge Rose heard arguments on the motion for new trial which was overruled on August 17, 1923; on September 25, 1923 defendant presented to the court by filing with the clerk his bill of exceptions; on October 12, 1923 defendant moved for an extension of time to present his bill of exceptions and on October 15, 1923 Judge Rose made an order extending time for presentation sixty (60) days; the order of extension is valid, Gilpatrick v. Perry, 188 Pac. 444; it was predicated upon proper showing within sixty days, 5864 C. S.

*Gordon J. Christie* in reply.

The mailing of a bill to the clerk and the filing of it is not equivalent to the presentation of the bill which should not be filed until allowed and signed, Hardin v. Card, 14 Wyo. 480; the certificate of allowance shows on its face that the bill was not presented in time; the extension order was

not authorized by statute, Schlessenger v. Cook, 8 Wyo. 484; court was not in session at the time; the unsigned bill was filed with the clerk September 25, 1923, where it remained until November 19, 1923 on which date it was presented to Judge Rose, and it was then presented to Judge Brown, who signed it sometime after; the certificate does not state when the bill was presented, nor that it contains all the evidence, and for that reason is insufficient, Royal Ins. Co. v. Walker Lbr. Co., 148 Pac. 340; Callahan v. Houcks & Co., 14 Wyo. 201.

POTTER, Chief Justice.

This cause has been submitted upon the motion of defendant in error to strike the bill of exceptions and to dismiss the proceeding in error. The motion to dismiss is based upon the stated ground that there is no proper bill of exceptions and no question presented that can be considered here without a bill. It depends to some extent, therefore, upon the disposition to be made of the motion to strike the bill. The several grounds stated for striking the bill seem to be based upon the proposition principally discussed in the brief that the bill was not presented for allowance within the time allowed by law.

The cause was tried in the district court in Fremont County and the final judgment complained of rendered when said county was one of the counties of the sixth judicial district, and with Judge C. O. Brown, the regular judge of that district, presiding. A motion for new trial by one of the defendants in the cause, Ray Boulter, was filed in due time, stating as grounds that the findings, decision and judgment are not sustained by sufficient evidence; that they are contrary to law; that the petition does not state facts sufficient to constitute a cause of action, and is insufficient to support the judgment; irregularity in the proceedings preventing the defendant from having a fair trial; that the court erred in considering certain stated matters not properly in evidence; and that certain proposed evidence was erroneously excluded.

In the meantime Fremont County had become one of the counties of a new judicial district, the eighth, embracing also the adjoining county of Natrona, and Judge Brown, while remaining judge of the sixth district, had been succeeded as judge of the district court in and for said Fremont and Natrona counties by Judge Robert R. Rose, the judge of the eighth district. The motion for a new trial then came on for hearing before said court in Fremont County, with Judge Rose presiding, resulting in an order of the court on August 17, 1923, overruling it, to which order an exception was allowed the said moving defendant. The bill of exceptions, as prepared by counsel, was thereafter sent to or left with the clerk of the district court, who endorsed upon its face over his official signature "Filed Sep. 25, 1923." There is no other competent evidence of its having been presented at that time, unless a recital in a subsequent order of Judge Rose presently to be referred to might be understood as showing that he accepted the act of leaving the bill with the clerk as a presentation to him, a matter we shall not, however, attempt to decide.

Thereafter, by an order dated October 15, 1923, signed by Judge Rose, the time for presenting the bill of exceptions for allowance was declared to be extended sixty days from and after October 16, 1923; and the bill, as prepared by counsel and left with the clerk as aforesaid, was signed and allowed within the period of that extension by both of said judges, viz: on November 19, 1923. The bill as signed and allowed was filed on February 1, 1924. The fact that it was not filed earlier than that date is of no importance here. It is properly authenticated as the bill of exceptions in the cause. See Com'rs. v. Shaffner, 10 Wyo. 181, 68 Pac. 14. And if not marked filed at all, it might, we suppose, upon a proper showing, have been returned with directions for such an endorsement as of the date when it was received for filing by the clerk after allowance. The September filing endorsement is likewise of no importance, except to show the fact, if material, that, as prepared by

counsel to be presented for allowance, it was on the stated date left with the clerk. Whether it might by that act be considered as then presented to the court or either judge would depend upon considerations not now material. See Hawley v. LeClair, 18 Wyo. 1, 102 Pac. 853. The proper time for "filing" a bill of exceptions is after it has been allowed and signed; it is then to be filed "as a part of the record." Comp. Stat. 1920, Sec. 5867.

The bill recites that it contains all of the evidence, and the certificate concluding the bill, signed by both Judge Brown and Judge Rose, reads as follows:

"And for as much as the matters above set forth do not fully appear of record, the defendant, Ray Boulter, within the time allowed by law, tenders this, his bill of exceptions, consisting of 89 pages, numbered from one to 89 and prays that the same may be allowed and signed by the Honorable Robert R. Rose, Judge of the District Court of the Eighth Judicial District, sitting in and for the County of Fremont, in the State of Wyoming, who heard and denied this defendant's motion for a new trial herein, and that the same may be allowed and signed by the Honorable C. O. Brown, Judge of the Sixth Judicial District, who heard and tried said cause, and who rendered the decree herein sought to be reviewed in this proceeding in error. Which said bill of exceptions has been filed in the District Court of the Eighth Judicial District, sitting in and for the County of Fremont, State of Wyoming, pursuant to the statute, in such case made and provided, and which is accordingly done this 19th day of November, 1923."

There is appended thereto, following the judicial signatures, the signature of the attorney for the plaintiff below, under the notation "Examined and found correct," also the signature of the attorney for defendant James H. Hawkins, under a like notation. Notwithstanding the recital in said certificate that the bill was tendered within the time allowed by law, it is contended here that the record shows .

that it was tendered too late, and that is based upon contending counsel's view of the order aforesaid purporting to extend the time for presenting the bill. If the said extension order was valid and effectual according to its terms, then, regardless of any other consideration the presentation was in time, for if not presented until November 19, the date of allowance, that was well within the time as extended.

But it is argued by counsel in support of the motion that the said order was not a "court" order, and, as a "chambers" order, was ineffective for the purpose of extending the time for presentation to Judge Brown, and, therefore, ineffectual to sustain that part of the bill requiring Judge Brown's signature to give it vitality. And the motion seeks, first, to strike the entire bill, and, second, that part requiring allowance by Judge Brown; it seeming to be the theory of counsel that the evidence and exceptions taken upon the trial could be preserved only by a bill settled and allowed by the judge who presided at the trial. But we cannot accept that view upon the facts of the procedure in this case. Whether, under the decision in the case of Conway et al. v. Smith Merc. Co., 6 Wyo. 327, 44 Pac. 940, 49 L. R. A. 201, Judge Rose, as the successor of the trial judge might, for that reason alone, have been authorized to settle and allow the entire bill, a question which we think unnecessary to decide, his act allowing the bill, as the judge who overruled the motion for a new trial, was sufficient to authenticate and give vitality to all that part of it containing the evidence and the exceptions taken upon the trial as well as the motion for a new trial and the ruling thereon and exception thereto, so far as necessary to a consideration of the exception to said ruling. For, as above stated, the motion for a new trial was based upon several grounds requiring, in disposing of it, a consideration of the evidence and the exceptions taken upon the trial, which, therefore, is properly a part of the bill to preserve the exception to the ruling upon the motion. And, in this court, the petition in error assigns as error the single ground that the court erred

in denying the motion for a new trial, which assignment, under our Rule 13, sufficiently questions in this court each matter presented by the motion for a new trial. · Clearly, then, for that purpose and to that extent, Judge Rose was authorized to sign and allow the bill, and, for that purpose also, to extend the time for presenting the bill, even by a chambers order; since the statute, presently to be referred to, authorizes an order extending the time by the court *or the judge authorized to allow the bill.*

But we think the order aforesaid of Judge Rose is entitled to be considered as a court order, and it seems to have been so intended.    Omitting caption and title, the order reads as follows:

"This matter coming on to be heard upon the application of the defendant, Ray Boulter, for an extension of time within which to present the defendant's bill of exceptions herein to the Court for allowance.    And it appearing to the Court that said bill of exceptions was filed with the Clerk of the District Court of the Eighth Judicial District, on the 25th day of September, A. D. 1923.    And it satisfactorily appearing to the court that the defendant has been unavoidably prevented from presenting his bill of exceptions to Judge C. O. Brown, District Judge of the Sixth Judicial District, it is ordered that the time of presenting said bill of exceptions for allowance, be, and the same is hereby extended sixty (60) days from the 16th day of October, A. D. 1923.    Dated this 15th day of October, A. D. 1923.    R. R. Rose, Judge."

There is attached to the motion under consideration an affidavit of the clerk of the district court to the effect that there was no "actual session" of the court on October 15, 1923, the date of the order.    Whether that affidavit might be considered for any purpose, if the facts stated should be deemed important, need not be decided; we shall not consider it for reasons that will become apparent as we proceed

The statute allows sixty days from, and after the date of the judgment, decree or final order within which to reduce exceptions to writing and present the same to the court for allowance; and provides also that if within said sixty days the party excepting shall make it satisfactorily to appear "to the court or judge authorized to allow the bill of exceptions" that he will be unavoidably prevented from presenting the bill within said time, the court or judge may within said time by written order extend said time not to exceed sixty additional days. Comp. Stat. 1920, Sec. 5864. And where a motion for a new trial is necessary to a consideration of the question to be presented to this court the date of the order denying it is held and taken to be the date of the judgment, decree or final order, within the meaning and purpose of said statute. The sixty days statutory period in this case therefore would have expired on October 16, 1923, and the exceptant had, under the statute, as of right without any order, until and including that date to present his bill for allowance. Judge Rose's order of October 15 was within the said sixty day period.

It appears to have been endorsed by the clerk as filed on November 19, 1923, and it was entered upon the court journal under the date heading of "Monday, November 19, 1923. The Sixth day of the Term." That date we suppose to have been the date that the order was received by the clerk, probably from the judge, but it does not correctly represent the date of the judicial act, though the entry includes the closing words of the order, stating the date thereof, and thereby shows clearly when it was signed and made. Whatever the effect of the order it was not a "term" order, and should not have been entered as such; but the fact that it was so entered should not be held to prejudice the rights of the party for whose benefit it was made. The several district courts are declared by statute to be open at all times for the transaction of certain business and the entry of certain orders, in addition to the terms provided for by law, so that an order authorized to be made and entered

out of term becomes a court order with the same effect, generally, as if made and entered in term. Comp. Stat. 1920, Secs. 5730-5738.

The statute making that change and its effect was first considered in Anderson v. Matthews, 8 Wyo. 307, 57 Pac. 156, decided in 1899; the earliest statute providing for an order to be entered as an order of the court though made out of term was enacted in 1895. Laws 1895, Ch. 21. The provisions of that statute are now to be found without substantial change in sections 5730, 5731 and 5732, Comp. Stat. 1920. It was and continues to be thereby provided in substance, so far as here material, that in addition to the regular terms each of the district courts shall be open at all times for the transaction of certain stated business, viz, "in the entry of judgments, decrees, orders of course, and such other orders as have been made or granted by the district court, or any judge thereof, and for the hearing and determination of all matters brought before the court or judge, except the trial of issues of fact;" and that the decision of any cause, action or matter, heard by the court or judge, may be made out of term by order, or by direction that an order, judgment or decree be entered, and that upon filing the decision in writing in the clerk's office it shall be entered in conformity thereto. And, further, that the district judges may, with consent of the parties, try issues of law and of fact in the vacation or recess of the court, and decide such issues either in or out of term, the judgment rendered to have the same effect as on issues tried and determined in term time. It had previously been provided by a statute enacted in 1890 that motions, demurrers, applications and other matters not involving a trial upon the issue of fact in any cause or proceeding may be heard and determined by the judge in vacation, as well as by the court in term, and at any place in his district. Laws 1890, Ch. 70, C. S. 1920, Sec. 5729.

Having under consideration the effect of a court order made out of term, under the statute of 1895, this court, in

the case above cited, referring to the statute in connection with the said act of 1890, described its purpose and effect as follows:

"One purpose of the act of 1895, evidently was to empower the judge, by consent of the parties, to try any cause, not requiring a jury, at other times than during the regular terms, and to provide that a judgment upon such trial should be the judgment of the court and should be so entered. It was not any part of the purpose of the act to confer upon the judge any additional power to hear and determine matters not involving a trial upon issues of fact, for that was already fully conferred by the Act of 1890. But the express purpose is to declare the district courts to be open at all times for certain purposes; among them the entry of such orders as have been made or granted by the district court or any judge thereof. An order so entered would seem, without any question, to be an order entered in open court, and there appears to be no escape from the conclusion that it is as much an order of the court as any decision announced and entered in term time. We see no reason to doubt the power of the Legislature to declare the courts to be open at all times, and having done so, the result mentioned seems to follow. * * * We think the only reasonable conclusion is that the act of the judge, within the limitations of the statute, is the act of the court, quite as much as the same would be if performed during the session of a regular term."

The statute was again referred to in Schlessinger v. Cook, 8 Wyo. 484, 58 Pac. 757, wherein it was held that a judge, in chambers, could not grant time to reduce to writing exceptions taken at a trial occurring in term time, and while the court was in actual session. At that time, an order was necessary granting time to reduce exceptions to writing, which time could not extend beyond the first day of the next succeeding term (C. S. 1910, Sec. 4595), and that continued to be the rule until the section was amended

in 1917 so as to allow without order in all cases, sixty days for reducing exceptions to writing, and authorizing an extension of sixty additional days, as above stated. Laws 1917, Ch. 70. The point of the decision in the case last cited, therefore, was that time to reduce to writing exceptions *taken in term time* must be granted at the term with the court in actual session. The case is cited in the brief in support of the motion to strike, but, in view of the change aforesaid in the statute eliminating the necessity of an order granting time in the first instance, it is not authority for the proposition relied on here to sustain the motion. On the contrary, it was declared by the opinion in the case that the effect of the aforesaid act of 1895 was to change the character of an order by the judge coming within the statute, from its former standing under the act of 1890 as a chambers order, to an order of court. Then it was said:

"The extent to which that statute goes, as we have endeavored to show, is only to change the character of the order, when properly entered, from its former standing as a chambers order to an order of court, but it does not incorporate such an order into the records of a regular or special term."

In the later case of Jones v. Bowman, 10 Wyo. 47, 65 Pac. 1002, the court had occasion again to consider the question under the statutes aforesaid, and held that an order extending time to prepare a bill of exceptions was necessarily included among the purposes for which, by the act of 1895, each district court was declared open at all times; such an order, the court saying, being one "made or granted by a judge of the court, not involving the trial of an issue of fact." And the court referred to the orders in that case as follows:

"The orders of extension * * * were granted in each instance in advance of the expiration of the time specifically fixed, and while control of the matter remained in

the court, assuming, of course, that the first order of extension was effectual; and the orders were duly entered upon
the court journal, becoming thereby, to all intents and purposes under the statute, court orders, as much so as if made
and entered at a regular term.   *   *   *   The orders, by
statute, are court orders; and we are of the opinion that as
such they were effectual, and lawfully extended the time.''

In that case, at the time the judgment was rendered and
in term time, an order was made and entered granting until
and including a stated date for preparing the bill of exceptions; and orders by the judge after the term extending .
the time were held effectual and to have been court orders
under the said statute of 1895. And the case of Schlessinger v. Cook was distinguished, the court saying:

''We see no reason for departing from the conclusion
announced in that case. The question there was, in our
judgment, correctly decided. The distinction presented by
that case is, that another of the court as of the regular term,
when the exceptions were taken, was essential in the first
instance; and the order of the judge, notwithstanding that
it might be treated as an order made in open, court, could
not be considered as an order of the regular term.''        .

Another statute had in the meantime been enacted, then
known as Ch. 27, Laws of 1901, and now found in sections
5733 to 5738 inclusive, Comp. Stat. 1920. It was not referred to in the case of Jones v. Bowman for the reason, no
doubt, that it was not controlling in that case because enacted after the proceedings there in question had occurred.
It is, however, important and controlling here. It provides
in substance by what was the first section of the act (C. S.
1920, Sec. 5733) that the several judges of the district
courts shall have power to pass upon all preliminary matters or motions and all questions concerning pleadings, motions for rehearing or for a new trial, for judgment notwithstanding the verdict, and for arrest· of judgment, to

sign and allow all bills of exception, and to approve all
bonds, in chambers and in vacation in any judicial district
or in any county in which the judge may be when such mat-
ters are presented to him, or in any judicial district or
county in the state in which he may be when he desires to
pass upon such questions.  By section 2 of the original act
(Sec. 5734, C. S. 1920) it was and continues to be provided,
that when any such matters shall be passed upon in any
county other than that in which the same is pending, the
decision shall be in writing and forthwith transmitted to
the clerk of the court in which the same is pending, who
shall thereupon enter the decision and order upon the jour-
nal, and such decision and order shall have the same effect
as if made by the judge during the session of the court and
in open court.

The intention to declare a decision or order so made to be
an act of the court and to be entered upon the journal as
such is made clearer, if that might be necessary, by the next
succeeding section, Section 3 (Section 5735, C. S. 1920),
providing that any party desiring to appeal from a deci-
sion or order so made shall have the right to do so without
excepting thereto, and Section 4, giving to the party desir-
ing to appeal from any such decision or order, at least sixty
days, and until the first day of the next succeeding term,
should that be more than sixty days distant, within which
to present for allowance his bill of exceptions.  See Cook v.
Bolduc, 24 Wyo. 281, 292, 157 Pac. 580, 158 Pac. 266.

Referring again briefly to the several statutes on the sub-
ject, we find, first, that by the act of 1890 the district judge
was authorized to hear and determine at any place in his
district certain matters in vacation not involving a trial up-
on the issue of fact in any cause or proceeding; that said
act was followed by the act of 1895 declaring the several
district courts to be open at all times for the transaction of
certain stated business, in addition to the terms fixed and
provided by law, and that the decision of any matter may
be made out of term and that whether it be an order, judg-

ment or decree it shall be filed in the clerk's office and entered in conformity with such decision; meaning, of course, entered upon the court journal as an order, judgment or decree of the court. Then came the act of 1901, whereby the district judge is authorized to act in the matters therein stated, including *signing and allowing all bills of exception* "in chambers and vacation in any judicial district or in any county where the judge may be when such matters shall be presented to him;" and whereby it is also declared that when such action shall be taken resulting in a decision or order in writing the same shall be transmitted to the clerk, *who shall thereupon enter such decision and order upon the journal,* which decision and order shall have the same effect as if made by the judge *during a session of and in open court.*

The power thus expressed "to sign and allow all bills of exception" must, we think, be held to include the incidental act of extending the time for reducing exceptions to writing and presenting the same for allowance, thereby permitting an order for that purpose to be granted as a court order wherever the judge may be when receiving or considering the application for the extension. The order of Judge Rose, was therefore, authorized by the statute, even if made out of the county in which the action was pending, which, however, does not appear by the record here, or by anything before us which we have a right to consider. Some correspondence between the judge and counsel for plaintiff in error is referred to and copied into their brief, and other matters are referred to in the briefs of both parties that are not found in the record. But even if we might consider any of such matters, it would not appear thereby except by merest inference, that the order in question was not signed in Fremont County. For the reasons stated we are clearly of the opinion that the order extending the time was valid and effectual.

It is further contended in support of the motion to strike that the certificate is not in proper form. The certificate

is quoted above, and in our opinion, is sufficient both in form and substance. It is not necessary that the fact that the bill contains all the evidence and exceptions shall be expressed in the concluding certificate declaring the bill to be allowed. Such certificate is not a separate or independent document; *it is a part of the bill,* and attests the correctness of its recitals. The bill in this case, preceding the part called the certificate, states that it contains all the evidence and exceptions. Where the evidence is necessary, the fact that the bill contains all the evidence must be shown by the bill itself, but not necessarily in the concluding certificate. Nor, indeed, is that usually the proper place for it. Counsel cites in support of the contention made in this respect Royal Ins. Co. v. Walker Lumber Co., 23 Wyo. 264, 148 Pac. 340. But that case is not authority for the proposition contended for. It is stated clearly in that case that neither in the body of the bill nor in the certificate was it shown that the bill contained all the evidence. The court said:

"But the bill signed by the judge contains no statement, either in the body of the bill or in the certificate, that it with the exhibits therein referred to as attached contains all of the evidence given and received on the trial."

Nor is the other case cited in support of the proposition in point, Callahan v. Houck, 14 Wyo. 201, 83 Pac. 372. The first paragraph of the syllabus of that case in the official report states that where it does not appear in the bill of exceptions or the certificate of the trial judge attached thereto, that the bill contains all the evidence, the presumption is that portions of the evidence have been omitted. And in the court's opinion the fact considered by the court in rendering its decision was stated as follows:

"Nowhere does it appear in the bill of exceptions or the certificate of the trial judge attached thereto, that the bill contains all of the evidence given in the cause."

Another point seems to be made in the brief in support of the motion, viz: That the certificate of allowance does not show what part of the proceedings took place before Judge Rose and what part took place before Judge Brown. The record proper in the case clearly shows those facts; and the purpose of the bill is to bring into the record only what otherwise would not appear there. However, the statement of the fact in the brief does not seem to be quite accurate. The so-called certificate declares that the defendant tenders the bill and prays that the same may be allowed and signed by Judge Rose, who heard and denied the motion for new trial, and that it may be allowed and signed by Judge Brown, who heard and tried the cause and rendered the decree sought to be reviewed. And that seems to agree with the record itself as shown by the certified copy of the journal entries in the cause.

The motion to strike the bill will be denied, and this necessarily carries with it a denial of the motion to dismiss, without the consideration of any other question raised by that motion. It might be said, however, that the petition in error challenges the sufficiency of the petition to sustain the judgment, since that is stated in the motion for a new trial as a ground therefor, and the petition in error assigns as error the ruling denying said motion.

BLUME and KIMBALL, JJ., concur.

NOTE—See (1) 4 C. J. p. 301 (2) 4 C. J. p. 254 (1926 Anno) (3) 3 C. J. p. 1388 (4) 4 C. J. pp. 278, 279 (5) 15 C. J. p. 876 (1926 Anno) (6) 4 C. J. pp. 282, 284 (7) 4 C. J. pp. 448, 455