## BIRD v. STATE*
### (No. 1313; Dec. 21, 1925; 241 Pac. 701.)

CRIMINAL LAW—MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS MUST
SHOW PRESENTATION AND DENIAL—SUPPLEMENTAL MOTION NOT
GROUND FOR DISMISSAL.

1. Motion for new trial is but incidental to appeal, and may
   be filed to secure vacation of verdict, and to lay founda-
   tion by exception to the overruling thereof for review
   of alleged errors.

2. Where order overruling motion for new trial was during
   same term vacated to correct mistake in entry thereof,
   and motion set for hearing, and hearing had thereon
   without specific allowance of time for filing bill of ex-
   ceptions, defendant would by Comp. St. 1920, § 5864,
   have had 60 days for that purpose.

3. Anything which could be properly assigned as a ground for
   new trial will not be considered in a proceeding in error,
   unless it appears by bill of exceptions that same was
   properly presented by motion for new trial, that motion
   was overruled, and exceptions reserved thereto.

4. That alleged supplemental motion for new trial for newly
   discovered evidence was not filed within proper time
   would not be good ground for dismissing the cause or
   striking bill of exceptions.

*See Headnotes (1) 17 C. J. p. 87 n. 43 (2) 17 C. J. p. 146 n. 65
(3) 17 C. J. p. 135 n. 28; p. 138 n. 46; p. 177 n. 85, 86; (4) 17 C.
J. p. 194 n. 99 new.

ERROR to District Court, Albany County; VOLNEY J. TID-
BALL, Judge.

John Bird was convicted of violation of the State Pro-
hibition Law, and he brings error. Heard on motion to
strike Bill of Exceptions and dismiss proceedings in error.

*David J. Howell*, Attorney General, *John C. Pickett*,
Asst. Attorney General for the motion.

Defendant's motion for a new trial was overruled on
October 13th, 1923, and 60 days allowed defendant to pre-
pare and present a Bill of Exceptions. On February 28th,

1924, the court with the consent of the prosecuting attorney made an order vacating the order overruling motion for new trial, and May 26th, 1924, defendant filed supplemental motion for new trial which with the original motion, was denied on May 29th, 1924, allowing defendant 60 days to present his Bill of Exceptions; this court is without jurisdiction to consider any matter set forth in motion for new trial, which right was lost after the expiration of 60 days from the date of overruling of the motion, and could not be restored by an order setting aside a former order overruling motion for new trial; defendant's right to appeal could not be thus restored; no showing was made as required by statute, 5864 C. S. for an extension of time for the presentation of the Bill of Exceptions before the lapse of the statutory time, and any order made thereafter was void; Coffey vs. Harris, 27 Wyo. 394; 197 Pac. 629; Caldwell vs. State, 12 Wyo. 206, 74 Pac. 496; Morgan vs. State, 26 Wyo. 212, 181 Pac. 498; Casteel vs. State, 9 Wyo. 267; and 4 C. J. 482; the right of appeal once lost cannot be restored by court order; Northwestern R. R. Co. vs. Dist., 29 Wyo. 50, 208 Pac. 872; the right of appeal cannot be restored, even by agreement; Lund vs. Johnston (Cal.), 104 Pac. 449; Anderson vs. Hallusen Mer. Co. (Utah), 83 Pac. 560; Hartzel vs. McGee (Kan.), 57 Pac. 502; Tootle vs. Shirey (Neb.), 72 N. W. 1044; Humphreys vs. Employer's Corp. (Mass.), 115 N. E. 253; Boshell vs. Phillips (Ala.), 93 So. 576; the supplemental motion for new trial was of no effect.

*Sullivan* and *Garnett* contra.

The court had power to set aside its order during the term at which made; 34 C. J. 207, et seq; McGinnis vs. Beatty, 28 Wyo. 328; Parrott vs. Dist. Court, 20 Wyo. 1; Kilpatrick vs. Horton, 15 Wyo. 1; Nelson vs. Meehan, 12 L. R. A. N. S. 374; Weber vs. Weber, 45 L. R. A. N. S. 875; Phillips vs. Ordway, 25 L. ed. 1040; Tyler vs. Aspinwall, 54 L. R. A. 758-764; the power is conferred by stat-

ute; 5923 C. S. Parrott vs. Court supra; Kilpatrick vs. Horton, supra; motions for new trial are to obtain a reexamination of the issues and lay the foundation for a review; in this case, the court was authorized to vacate the order and reconsider the motion; Casteel vs. State, 9 Wyo. 267; the contention that the vacation of the order to restore defendant's right of appeal, is unsupported by the record; the vacating order states that the former order was made by mistake; this brings the case within Supreme Court Rule 13; Northwestern R. R. Co. vs. Drainage Dist., 29 Wyo. 50; the case also comes within the Rule of Phillips vs. Ordway (U. S.), 25 L. ed. 1041; the order of October 13th is void since the court found that it was entered by mistake and inadvertence; the 60 day period therefore, ran upon a void order, which did not toll the statute of limitation; Mathews vs. Blake, 16 Wyo. 116.

POTTER, Chief Justice.

This cause is here on error and has been heard upon a motion to strike the bill of exceptions and dismiss the proceeding in error upon the following grounds: First, that the bill of exceptions was not prepared and presented to the trial court for allowance within the time required by statute. Second, that the supplemental motion for a new trial on the ground of newly discovered evidence was not filed within the time required by statute. The error proceeding is brought for the review of a judgment and sentence upon a verdict finding the plaintiff in error guilty of a violation of the state prohibitory liquor law, and not, as alleged in the motion to strike and dismiss, of an order overruling the motion for a new trial. Such a motion is but incidental to the appeal, and may be filed for two reasons; first, to secure a vacation of the verdict and another trial of the case, and second, to lay the foundation by an exception to the overruling thereof for a review in this court of alleged errors. The original or first motion in this case alleged several errors, and was filed with-

in the statutory period allowed therefor after the verdict, as shown by the bill of exceptions. The bill shows also that an order overruling that motion was entered on October 13, 1923; and that thereafter, during the same term, on February 28, 1924, another order was entered vacating and setting aside said order of October 13, for reasons stated in the order as follows: "Now, it appearing to the court from the statements and representations made in open court by the county and prosecuting attorney that the order heretofore entered herein overruling the motion for a new trial, heretofore filed by defendant, was entered by mistake and inadvertence, and without notice to the defendant, and without opportunity being granted to the defendant to be heard upon said motion for a new trial, and being satisfied that said order was improperly entered and the plaintiff herein consenting hereto."

Following that it was further stated therein that the previous order aforesaid "is hereby vacated, set aside and held for naught, and that said motion for a new trial be, and the same is hereby, ordered to be set down for hearing at a day certain, to be hereinafter fixed by the court." The bill further shows that thereafter, on May 26, 1924, the defendant filed what is called a supplemental motion for a new trial on the ground of newly discovered evidence. That on May 29, 1924, each of said motions, the one originally filed, and the supplemental motion, was heard, and each overruled, to which exceptions were reserved by defendant. By that order also, it was directed that the defendant shall have sixty days from the date thereof within which to prepare and present his bill of exceptions. Without that specific direction in the order, however, the defendant would by statute have had that period of time for said purpose (Comp. Stat. 1920, Sec. 5864); this court having decided that when a motion for a new trial is necessary to a consideration of any ques-

tion in a proceeding in error, the statutory period for preparing and presenting a bill of exceptions shall run from the date of the overruling of such a motion. Fried v. Guiberson, 30 Wyo. 150, 217 Pac. 1087; Boulter v. Cook, 31 Wyo. 373, 226 Pac. 447; Gilpatrick v. Perry, 26 Wyo. 538, 188 Pac. 442.

It is contended in support of the point that the bill was not prepared and presented to the trial court for allowance within the time required by law that the extreme limit of time for such presentation would be sixty days from and after the date of the first order overruling the original motion; and that the subsequent February order vacating that order must be held ineffective upon the principle that the court was without authority then to restore in that manner a lost right of appeal, citing C. & N. W. R. Co. v. Big Bend Drainage District, 29 Wyo. 50, 208 Pac. 872. But the vacating order condemned in that case, and the order entered in place thereof, was each a final judgment disposing of the same controverted proceeding before the court. And in the opinion in it was said that there was no attempt to disguise the purpose to restore thereby a lost right of appeal; that the motion upon which the court acted frankly recited that the time for appealing had expired and that the railway company would be precluded from appealing unless the order was vacated and a new order entered. And the court said further that the court did not thereby undertake to *alter* the *order* but only *the date of its entry;* and that it changed the date of entry, not because it had been previously entered as of a wrong date, but only for the purpose of making a new date of entry from which a new period for appeal might be reckoned; so that the effect of the court's action was to be determined by a consideration of its power to restore a right of appeal.

In the case at bar, however, the order vacating the previous order shows an entirely different purpose, viz: to correct a mistake in entering it at all, since the matter should not then have been acted upon. Beyond that, however, the ruling upon the motion was not the order to be appealed from. The judgment was left in its original form and was entered as of the original date. One of the above described purposes of the motion was to comply with the rule as to the consideration of questions in this court upon a proceeding in error. That rule is to the effect that anything which could have been properly assigned as a ground for new trial will not be considered in a proceeding in error unless it shall appear by a bill of exceptions that the same was properly presented to the court below by a motion for a new trial, that such motion was overruled, and an exception reserved thereto. And it has its foundation in the theory that such questions will, by such a motion, be presented to and be considered by the trial court; in other words, that the trial court shall have an opportunity to reconsider such questions before they shall be presented for review to the appellate court. Thus presenting a situation which would clearly justify a trial court, during the same term, and while it had control of its orders of that term, in vacating an order inadvertently entered overruling a motion for a new trial without an opportunity to the parties to be heard. That presents an entirely different situation with respect to the objection now made, from that presented in the Drainage District case above referred to. The appeal had been taken in that case prematurely under a statute a statutory appeal by the filing and serving of a notice to that effect within ten days after the entry of the judgment or final order complained of.

With reference to the judgment in this case, and the right to bring it for review to the Supreme Court by a proceeding in error, the limited period for that is fixed by statute at one year from and after the rendition of the

judgment, which period. this court has held in Conradt v. Lepper, 13 Wyo. 99, 78 Pac. 1. commences to run from the date of the overruling of a motion for a new trial "so far as the filing and determination of such a motion taken in that case prematurely under a statute permitting is necessary to a review in this court;" so that, as said in the opinion in that case, "whenever such a motion is properly and seasonably filed, the character of finality would not attach to the judgment, for the purpose of review on error, until the court shall order the overruling of the motion." That decision also refers to another provision of the same court rule, that the ruling of the court upon each matter presented by such a motion shall be sufficiently questioned in this court by an assignment that the court below erred in overruling the motion, by stating that in the case then before the court the denial of the motion for a new trial was assigned as one of the grounds of error in the cause. And that is the situation here.

The bill of exceptions shows that it was presented for allowance within the period of sixty days after said original motion was finally overruled, and that fact is not questioned here. It was also allowed within that period. The first ground of the motion to strike and dismiss, therefore, is not well taken. The second ground, that the alleged supplemental motion for a new trial on the ground of newly discovered evidence was not filed within the proper time would not be a good ground, if true, for dismissing the cause or striking the bill. If the point made is well taken, it might be a sufficient ground for declining to consider the question presented by the motion, or the alleged error in overruling the same, or as sufficient ground for a decision to the effect that the lower court was justified for that reason alone in the action complained of.

For these reasons, the motion must be overruled, and it will be so ordered. It appearing that briefs upon the

merits have been filed by the plaintiff in error, and that no claim is here made that they were filed out of time or that no such brief has been properly served, the order to be entered will also fix a time for the filing and serving of brief upon the merits by defendant in error.

*Motion Overruled.*

BLUME and KIMBALL, JJ., concur.