### SPAUGH v. ROSS, GOVERNOR, ET AL.*
(No. 1346; January 31, 1928; 263 Pac. 613)

APPEAL AND ERROR—RIGHT OF APPEAL LOST BY EXPIRATION OF TIME —RESTORATION OF RIGHT—STIPULATION OF ATTORNEYS INSUFFICIENT TO RESTORE RIGHT OF APPEAL.

1. Where time for appeal from district court's judgment denying relief under Laws 1923, c. 96, relating to contracts to purchase state and school lands had expired, stipulation by attorneys for both parties reciting absence of applicant's counsel when judgment was rendered, that no copy was served on him, that he did not learn of decision until certain date, and that court could set aside judgment and enter like judgment of later date, and court's order purporting to set aside ·judgment, reciting no mistake, casualty, or misfortune justifying setting judgment aside, did not restore right of appeal therefrom lost by expiration of time not restored, and attempted appeal thereafter should be dismissed, especially in view of fact that record showed no evidence presented to trial court.

2. Laws 1925, c. 122, requiring district judges to serve or cause to be served on parties or their attorneys of record copies of all orders and judgments signed, not approved until after right of appeal in certain proceeding was lost by expiration of time after judgment, does not affect such right of appeal.

3. Since district court cannot merely, for misunderstanding of counsel as to date of entry of order, restore right of appeal lost through failure to serve and file notice of appeal as provided by law, stipulation of counsel authorizing setting judgment aside and entering another as of later date with same effect does not have effect of restoring right of appeal lost through expiration of time.

*See Headnotes: (1) 3 C. J. p. 1055 n. 29 New. (2) 3 C. J. p. 330 n. 37. (3) 3 C. J. p. 1055 n. 29 New.

APPEAL from District Court, Niobrara County, CYRUS O. BROWN, Judge.

Application by A. A. Spaugh, filed with the Commissioner of Public Lands for certain relief under Laws 1923, ch. 96. From a denial of the application the applicant appealed to the district court, in which Hon. William B. Ross, Governor, and others, members of and constituting the Board of Land Commissioners, were made parties defendant. From a judgment for defendants, the applicant appeals.

*Mentzer & Pickett*, for appellant.

The denial of relief under Chap. 96 L. 1923, by the Land Board, was based upon the assumption that the Act was in violation of Section 40, Art. 3 of the State Constitution; in appeals from the Land Board to the District Court only such matters as were presented to the Board, are considered; Bucknum v. Johnson, 21 Wyo. 26; an Act must be upheld unless it is clearly shown to be in conflict with the Constitution, State v. Snyder, 29 Wyo. 163; Colo. Power Co. v. Halderman, 295 Fed. 178; Kansas City v. U. S., 293 Fed. 8; Martin v. Bennett, 291 Fed. 626; Morrison v. Pettigreu, 14 Fed. (2nd) 453; Baldwin v. State, 141 N. E. 343; People v. Morgan, 246 Pac. 1024; South Utah Mines v. County, 262 U. S. 325, 67 L. Ed. 1004. State Constitutions are not grants of power and the Legislature possesses all authority not restricted by the State or Federal Constitutions, State v. Snyder, 29 Wyo. 100; State v. Hecker, 221 Pac. 808; Whittenberg v. Craven, 258 S. W. 152; State v. Waldram, 231 Pac. 431; Budge v. Comm'rs. 30 Wyo. 35.

It is true that Art. III, Sec. 40 of the Constitution, prohibits the destruction of obligations or liabilities to the State by the Legislature; it is also true that Art. XVIII, Sec. 3 of the Constitution, created the Land Board, other statutes relate to the method of leasing or disposing of state lands. Forfeiture of amounts paid in the purchase of state land, in case of default, is the only penalty prescribed, Olds v. Co., 22 Wyo. 336; People v. Claugh (Colo.) 63 Pac. 1066. If there is no liability or obligation other than a forfeiture of amounts paid in case of default, Art. III, Sec. 40 of the Constitution would not apply. A legal obligation to the State means a debt to the State. The Constitution authorizes the State, through its Legislature, to provide for the control and disposition of public lands, Art. XVIII, Sec. 3; Ross v. Trustees, 31 Wyo. 464; Brown v. City, 211 N. Y. S. 306; State v. Zimmerman, (Wisc.) 204 N. W. 803. The purpose of the constitutional provisions referred to was to confer upon the Land Board power to carry out the terms of land grants; no obligation or liability to the State was terminated by the Act in question, since the only penalty for non-payment was the cancelation of the certificate of purchase.

*William O. Wilson,* Attorney General, and *J. A. Greenwood,* Deputy Attorney General, for appellees.

Appellant failed to comply with the provisions of Chap. 96, L. 1923, and the District Court has nothing before it to decide on appeal; it is not shown that the State Board was governed by the opinion of the attorney general as to the constitutionality of Ch. 96 L. 1923; Bucknum v. Johnson, 21 Wyo. 35; McNamara v. O'Brien, 2 Wyo. 451; Schmidt v. Bank, 29 Wyo. 260. The disposition of federal grant lands is controlled by Sec. 5, Act of Admission; Art. XVIII, Secs. 1 and 3, Constitution; Secs. 724, 726, 728 C. S. A certificate of purchase is something more than an option, it is a contract, enforceable at law; state lands must be sold at auction which means a public sale to the highest bidder, 2 R. C. L. 1115; Rowley v. D'Arcy, 69 N. E. 326; Pike v.

Board, 113 Pac. 447; 6 C. J. 827; Art. XVIII, Secs. 1-3 Constitution; Ross v. Trustees, 30 Wyo. 438; Olds v. Co., 22 Wyo. 342; State v. Board, 20 Wyo. 174. To grant appellant relief prayed for would be in effect an attempt to sell state lands at private sale in violation of the Constitution.

Riner, Justice.

This is a proceeding by direct appeal from a judgment of the District Court of Niobrara County, which "approved and sustained" the action of the State Board of Land Commissioners of this state denying the application of appellant Spaugh for relief under chapter 96, Laws of Wyoming 1923, and dismissed his appeal from the decision of said board in this matter.

Under the title "an act for the relief of contracts for the purchase of state and school lands," the Wyoming legislature passed the law already mentioned. It provided, among other things, in substance, that any person who contracted for the purchase of state or school land, prior to January 1, 1923, or who was, prior to said date, assignee in good faith of any such contract, where no arrears existed relative to said contract in payments of principal or interest on January 1, 1919, should have the right to apply the aggregate of the payments of principal made to the state by himself or his assignors to the purchase of any subdivision of the lands described in said contract or any of them designated by him, subject to appraisal and approval by the State Land Board, and also subject to its determination whether or not the designated land could be sold separate from the other lands in said contract without detriment to the state. A person desirous of obtaining relief was required to make application in accordance with the provisions of section 3 of the Act, which directed notice to be given the Commissioner of Public Lands, and specified what such notice should contain. Section 4 provided for a hearing on the application and required notice to be given applicant of the date of such hearing. Section 5 gave further relief in cases where there had been a default in payment both of

principal and interest on contracts for the purchase of state lands. Section 6 ordained that in certain instances forfeitures of such contracts might be set aside; and section 7 dealt with the rights of parties or their assignees, under certain conditions, to surrender their contracts and to lease the land for not exceeding five years.

On June 19, 1923, appellant filed an application in the form of a letter with the Commissioner of Public Lands, wherein he asked certain relief under the terms of the Act above mentioned on behalf of himself, as alleged owner of certain certificates of purchase, and also as alleged assignee of others. Under date of June 5, 1924, the board considered appellant's application and denied it. Thereafter, appellant undertook an appeal from this ruling to the District Court of Niobrara County by making the filings in that court and also with the Commissioner of Public Lands, which are outlined in sections 752-757 inclusive, of chapter 60, W. C. S. 1920. The notice of appeal filed recites that "said appeal prosecuted under the provisions of chapter 60, of Compiled Statutes of 1920." Hon. William B. Ross, Governor, Frank E. Lucas, Secretary of State, J. M. Snyder, Treasurer, and Katherine A. Morton, Superintendent of Public Instruction, "as members and constituting the Board of Land Commissioners," were designated in said notice as "appellee."

It appears that the appeal was heard in the District Court on the 12th day of November, 1924, and was taken under advisement until the 22nd day of December, 1924, when a judgment was entered as already indicated. A stipulation appears in the record dated January 21, 1925, signed both by attorney for appellant and the Attorney General of the State of Wyoming for appellee, which recites the fact of the court's taking the matter under advisement, that appellant's counsel was not present, "when the decision was rendered, owing to illness," that "no copy of the judgment" was "served upon the said counsel for appellant," and that appellant did not learn "of the said decision until the 9th day of January, 1925." The stipulation consents that "the

court may set aside the said judgment and upon the presentation of this stipulation enter another as of the date signed, of the same effect."

Under date of January 21, 1925, the stipulation was presented to the court and an order made thereon that "the judgment made, rendered and entered herein on the *23rd* day of December, A. D. 1924, be, and the same hereby is, set aside and held for naught." The order recites no reason for setting aside the judgment other than the presentation of the stipulation, nor does any other reason appear in the record. On the next day, another judgment was made and entered by the court, the same being identical in every way with that of December 22, 1924, except the date thereof. On January 29, 1925, appellant's counsel filed in the clerk's office of the District Court of Niobrara County a notice of appeal to this court from the judgment dated January 22, 1925. Endorsed thereon was an acceptance of service by the Attorney General under date of January 27, 1925.

This appeal cannot succeed. The stipulation upon which the court acted in undertaking to set aside its judgment of December 22, 1924, merely recited the absence of appellant's counsel on the day the judgment was rendered, that no copy was served on him, and that he did not learn of the decision until January 9, 1925. The order purporting to set aside this judgment (and it may be here noted that the order refers to and deals with a judgment "made, rendered and entered" on the *23rd* day of December, 1924), recited no mistake, casualty, misfortune or other reason why the date of the judgment should be changed. That is actually all that was done by the entry of the judgment of January 22, 1925.

In Boulter v. Cook, 32 Wyo. 461, 234 Pac. 1101, 236 Pac. 245, where this court had under consideration a contention that a party to the cause was not notified by the court of its being taken up and acted upon, thus depriving him of opportunity to answer over, upon the overruling of a demurrer, it is said:

"But the courts seem to be unanimous in holding that no such notice was necessary to be given to the parties interested. It is the duty of a party, or his attorney, to take account of the time and place of holding court, the position of the case on the calendar and the state of the calendar. He is presumed to know and is held to know, what is necessary to protect his interest." Citing many cases.

And the opinion quotes the syllabus of the case of Avery Co. v. Seeley, 110 Kans. 590, 204 Pac. 731, reading:

"Where the losing party in a case tried in the district court files and submits a motion for a new trial which is taken under advisement without any definite time being fixed for its decision, and some weeks later is overruled, the fact that such party does not learn of the ruling for more than six months afterwards and therefore loses his right to appeal therefrom, does not entitle him to have the judgment and ruling on the motion set aside by the trial court, on petition showing these facts, although it also appears that it was the practice of the court to see that the parties were notified of such rulings."

From the court's opinion in the last mentioned case, this court takes the following extract:

"There was no mistake, neglect or omission of the clerk, nor was there any irregularity in obtaining either the judgment or the order overruling the motion for a new trial; the plaintiff's complaint is merely that he was not notified of the ruling. * * * If the plaintiff is entitled to relief * * * it must be for unavoidable casualty or misfortune, preventing the party from prosecuting or defending;"

At the time the stipulation above referred to was signed, the time to serve and file a notice of appeal, relative to the judgment of December 22, 1924, had expired. Neither the stipulation nor the order thereon, set out any valid reason for setting aside the judgment, as we have seen. Can it be said that under these conditions the court had power to restore the lost right of appeal? We think not. We are not unmindful of the provisions of chapter 122, Laws of Wyo-

ming 1925, requiring district judges to serve or cause to be served upon parties or their attorneys of record, copies of all orders and judgments signed. However, as that law was not approved until February 25, 1925, we do not find it necessary to consider its effect here.

In Chicago & N. W. R. R. Co. v. Big Bend Drainage Dist., 29 Wyo. 50, 208 Pac. 872, the final order appealed from was vacated and another of a later date, identical in its terms, was entered. The trial court, in acting upon the motion to vacate the first order, recited that "there was an opportunity for, and may have been a mistake as to the date of entry of, said order" on the part of counsel. It was contended that the District Court had no power to reinstate a lapsed right of appeal by merely vacating the order and entering it as of a later date. This court said, at page 55 (208 Pac. 873) of the cited report:

"The effect of this alteration of the record is not to be determined by a consideration of the power of a court to vacate or modify its judgments at the term at which they are rendered. The court did not undertake to alter the order, but only the date of its entry. And it changed the date of entry not because the order had been previously entered of a wrong date, but only for the purpose of making a new date of entry from which a new period for appeal might be reckoned. The effect of the court's action, therefore, is to be determined by a consideration of its power to restore a right to appeal.

"Under the statute cited above, appeals must be taken by serving and filing a notice of appeal within ten days from the entry of the order or judgment appealed from. There is no statutory authority for extending this time, or for granting relief to a party who has failed to take an appeal within the time."

The case of Bird v. State, 34 Wyo. 112, 241 Pac. 701, which dealt somewhat with the same question, disclosed a different set of facts, and the order vacating the previous order was to correct a mistake in entering it at all, since the matter should not then have been passed upon, and the

judgment was left in its original form and was entered as of the original date.

As it is plain that the District Court cannot, for merely a misunderstanding of counsel as to the date of the entry of the order, restore the right of appeal lost through failure to serve and file notice of appeal as provided by law, we cannot see how the court's power would be enhanced through acting on a stipulation of the character shown in the case at bar. It results from what has been said that the appeal was not taken in time and should be dismissed.

We are the more willing to reach this conclusion as an examination of the record shows not one iota of evidence incorporated therein as presented to the trial court. That evidence was introduced before the court would seem to be so, as the judgment recites that there appeared "to be no controversy or dispute as to the facts." What those facts which the court had before it were, we have no means of knowing. True, there is a certified copy of the application of appellant Spaugh for relief under chapter 96, Session Laws of 1923, in the matter of certain certificates of purchase, whose numbers only are given, duly certified under the hand of the Commissioner of Public Lands, with the seal of the State Board of Land Commissioners affixed, but whether or not this was offered in evidence upon the trial does not appear. Even if it had been, it would not help appellant's case. There is in it not one of the alleged certificates of purchase upon which relief was sought, neither is there any sworn showing as to their ownership, or the assignment thereof. Other cogent reasons appear on the face of this record which also establish that the appeal is without merit. However, we think that sufficient has been said to make it clear that the appeal should be dismissed and it will be so ordered.

*Appeal Dismissed.*

BLUME, C. J., and KIMBALL, J., concur.