## PALMER v. STATE.

(No. 847; Decided May 17th, 1916; 157 Pac. 695.)

Appeal and Error—Bill of Exceptions—Filing of Briefs—Questions Reviewed on the Record—Affirmance—Criminal Procedure—Verdict.

1. Where evidence is not in the record and no bill of exceptions has been filed, the review on appeal is confined to the assignments of error based on the record proper.

2. On an appeal from a conviction of murder in the first degree where no bill of exceptions has been filed and the record proper discloses no error, the court being limited to such record will affirm the judgment.

Error to the District Court, Natrona County; Hon. Charles E. Winter, Judge.

Wilmer P. Palmer was convicted of murder in the first degree and brings error. In the absence of a bill of excep-

tions the cause was considered and determined upon the record proper.

*Alex B. King* and *George W. Ferguson,* for plaintiff in error.

No brief was filed for plaintiff in error.

*D. A. Preston,* Attorney General, for the State.

Defendant in error moves to submit the cause under Rule 21, providing that ·when the plaintiff in error has failed to file and serve his brief, as required by the rule, defendant in error may have the cause dismissed with or without oral argument. In the absence of the bill of exceptions no questions are before this court for review other than what appears on the face of the record. (White v. State, 147 Pac. 171; Seng v. State, 20 Wyo. 222; Perkins v. McDowell, 3 Wyo. 328; McNamara v. O'Brien, 2 Wyo. 447.) The provisions of Comp. Stats. 1910, Secs. 6128 and 6129, do not violate the ·Constitution. (*In re.* Wright, 3 Wyo., 478; *In re.* Boulter, 5 Wyo. 329.) The information stated facts sufficient to constitute a crime. (Sec. 6167 and Sec. 6128, Comp. Stats. 1910; Gustavenson v. State, 10 Wyo. 300; Hollibaugh and Bunten v. Hehn, 13 Wyo. 269.) The record as here presented discloses no error prejudicial to the rights of defendant.

POTTER, CHIEF JUSTICE.

The plaintiff in error, Wilmer P. Palmer, was convicted in the District Court in Natrona County of the crime of murder in the first degree, upon an information charging him with that crime, and the verdict not being qualified by adding "without capital punishment" as authorized by Chapter 87, Laws 1915, sentence of death was imposed upon him; the statute providing that penalty for murder in the first degree where the verdict is not qualified as aforesaid.

The trial occurred at the April, 1915, term of said court, and the judgment was entered at the same term, on May 3, 1915. The petition in error was filed in this court on July 16, 1915, and summons in error was issued on that date.

On the same day, also, an order was made by the Chief
Justice, on the application of plaintiff in error, suspending
the execution of the sentence until the hearing and de-
termination of the proceeding in error, as required by
statute in such cases. (Comp. Stat. 1910, Sec. 6294.) On
August 3, 1915, certain original papers with a transcript of
the journal entries were filed, but not including a bill of
exceptions, and no such bill has since been filed; nor is
there any showing by the record or otherwise that a bill
was presented and allowed, or that time was given to re-
duce exceptions to writing and present the same for allow-
ance. No brief having been filed for the plaintiff in error,
and the time therefor under the rules having expired, the
Attorney General, on March 29, 1916, filed a motion to sub-
mit the cause under Rule 21; that rule providing that when
the plaintiff in error has failed to file and serve his brief as
required by the rules, the defendant in error may have the
cause dismissed, or may submit it, with or without oral
argument. On the same day notice was served upon counsel
for plaintiff in error that the motion would be presented to
the court on April 3, 1916, at a stated hour. The motion
was presented at the time designated in the notice without
objection being made and the cause was then submitted, and
it is, therefore, now before the court upon the record with-
out a bill of exceptions and without the evidence. The At-
torney General contended on oral argument and also by
brief that the record shows no prejudicial error and that the
judgment should be affirmed.

The evidence not being in the record and there being no
bill of exceptions, we are confined in our consideration of
the case to the assignments of error based upon the record
proper, and, although they might and ordinarily would be
deemed to be waived by the failure to file and serve briefs,
this being a case involving capital punishment, we have
carefully examined the record and find no ground for the
assignments of error referring to the proceedings shown
thereby or for reversal.

It appears that on January 18, 1915, the prosecuting attorney of Natrona County filed with a justice of the peace in and for said county a complaint charging that the plaintiff in error on or about the 8th day of January, 1915, in said county, did then and there unlawfully, wilfully, maliciously, purposely, and with premeditated malice, kill and murder one Jessie Palmer, said Jessie Palmer being then and there a human being, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the State of Wyoming, and praying that the said accused may be apprehended and held to answer said complaint, and further dealt with as law. and justice may require. That upon said complaint a warrant was issued by said justice of the peace for the arrest of the accused, upon which he was arrested and brought before the said justice, whereupon he was given a preliminary examination, and after hearing the evidence offered by the State, none being introduced by the defendant, it was ordered by said magistrate that the accused be held without bail for his appearance to answer said charge before the district court of said county on the first day of the next regular term thereof, to be begun and holden on the 5th day of April, 1915, and that he be committed to the county jail of said county, there to remain until discharged by due course of law. That on the 20th day of March, 1915, the prosecuting attorney filed in said district court an information charging the accused with said crime and that after a motion to quash the information and a demurrer thereto had been respectively heard and overruled, the defendant entered a plea of not guilty on April 14, 1915. That thereupon, on said date, the defendant being present in person and accompanied by counsel, and both the State and the defendant being ready for trial, the trial was proceeded with, resulting in the verdict and judgment aforesaid.

It appears that the defendant was given a preliminary examination as provided by law, after his arrest upon a due and sufficient warrant under a proper complaint charging

a crime defined and made punishable by the laws of the state; that the subsequent proceedings were in strict accordance with the statute in such case made and provided, including the trial, the verdict and judgment; and that all the constitutional and statutory rights of the plaintiff in error were carefully protected. The information is in the form declared by statute to be sufficient (Comp. Stat. 1910, Sec. 6177), and the demurrer thereto was, therefore, properly overruled. The only possible conclusion is that the record discloses no error. An order will, therefore, be entered affirming the judgment, and fixing and appointing Friday, the 11th day of August, 1916, for the execution of the sentence and judgment of the district court.        *Affirmed.*

BEARD, J., and SCOTT, J., concur.