## COOK v. BOLDUC, ET AL.

(No. 848; Decided May 17th, 1916; 157 Pac. 580.)
(Rehearing denied June 29th, 1916; 158 Pac. 266.)

WILLS—UNDUE INFLUENCE—CONTEST OF WILL—SUFFICIENCY OF EVI-
DENCE—REVERSAL WITH DIRECTIONS—MOTION FOR DIRECTED VERDICT
—PRESENTATION OF BILL OF EXCEPTIONS—STATUTES—MOTION TO
STRIKE.

1. Where a will is contested on the ground of undue influence
   exercised by contestee over the testator, the influence must
   be shown to be such as destroys the free agency of the tes-
   tator and substitutes the will of another.

2. In a will contest where the contestant wholly fails to sustain
   the grounds of contest, it is error to deny a motion for a
   directed verdict.

### ON PETITION FOR REHEARING.

3. Under Comp. Stat. 1910, Sections 4463-4467, authorizing a
   trial judge to pass upon a motion for a new trial and per-
   mitting any party desiring to appeal from the decision to
   do so without excepting to the order and decision, giving
   him sixty days, and until the first day of the succeeding
   term should such a day be more than sixty days off, in
   which to present a bill of exceptions without the making
   of any order by the court allowing such time, and applying
   to the judge of another district called in to try the case,
   the presentation and allowance of a bill of exceptions with-
   out procuring an order granting time to present it for al-
   lowance was proper, and a motion to strike it from the
   files will be denied.

ERROR to the District Court, Big Horn County; HON.
CHARLES E. WINTER, Judge.

Will contest by Anna Cook Bolduc and another against
Nina May Cook. Judgment for contestants, refusing to ad-
mit the will to probate and contestee brings error. The
facts are stated in the opinion.

*O. F. Goddard, C. A. Zaring,* and *Matson & Kennedy,* for
plaintiff in error.

The court erred in denying contestee's motion to strike
portions of the petition. (40 Cyc. 1156; Fulton v. Free-
land, 219 Mo. 494, 118 S. W. 12, 131 Am. St. Rep. 576;
Pierce v. Pierce, 38 Mich. 412; Flint's Estate, (Cal.) 34

Pac. 863.) It was error to allow a jury trial. (Sections 5440-5441, Compiled Statutes 1910.) Section 5468, Comp. Stats. 1910, does not apply. The case is not within the exception provided for. (Section 5456, Comp. Stats. 1910. See also Contest after Probate, Section 5447.) The admission of evidence relating to the adoption of contestants by deceased and his former wife was prejudicial error. (6 Am. & Eng. Ann. Cases 608; 3 Am. Dec. 395; 52 Am. Dec. 167; 62 Am. Dec. 80; Calkin's Estate, 44 Pac. 577; Rick's Estate, 117 Pac. 546; Gleason Estate, 130 Pac. 872; Estate of McDevitt, 30 Pac. 101.) Declarations made by testator prior to the execution of the will are not admissible to prove fact of undue influence. (Dan Hobson, et al. v. H. C. Moorman, 5 Am. & Eng. Ann. Cases, 601; Hodgdon's Estate, 138 Pac. 111.) Declarations made at the time of the execution of the will may be admissible as part of the *res gestae*, or declarations made at other times may be admissible as the best evidence of a particular fact, in some instances, or to show the testator's motives and state of mind. Declarations at other times will not, however, usually be entitled to consideration upon the question of undue influence unless there is other evidence in that direction. (Hobson v. Moorman, 5 Am. & Eng. Ann. Cases 606; 90 S. W. 152, 3 L. R. A. (N. S.) 749, citing Calkin's Estate, 44 Pac. 577, 112 Cal. 296; Matter of Donovan, 140 Cal. 390, 73 Pac. 1081; Jones v. Crogan, 98 Ga. 552, 25 S. E. 590; Yorty v. Webster, 205 Ill. 630, 68 N. E. 1068; Bevelot v. Lestrade, 153 Ill. 625, 38 N. E. 1056; Griffith v. Diffenderffer, 50 Md. 466; Shailer v. Bumstead, 99 Mass. 112; Middleditch v. Williams, 45 N. J. Eq. 726, 17 Atl. 826; in re. Wiltsey, 122 Iowa 423, 98 N. W. 294; Waterman v. Whitney, 11 N. Y. 157, 62 Am. Dec. 71; Herster v. Herster, 122 Pa. St. 239, 16 Atl. 342; Kirkpatrick v. Jenkins, 96 Tenn. 85, 33 S. W. 819; In re. Townsend, 122 Iowa 246, 97 N. W. 1108; Powers v. Powers, 78 S. W. 152; Marx v. McGlynn, 88 N. Y. 357; Boylan v. Meeker, 28 N. J. L. 274.) Declarations of the testator not made contemporaneously with the execution

of his will are merely hearsay evidence. (Stevens v. Van-
cleve, 4 Wash. (U. S.) 265; Coghill v. Kennedy, 119 Ala.
641, 24 Sou. 459; Matter of Gregory, 133 Cal. 131, 65 Pac.
315; Underwood v. Thurman, 111 Ga. 325, 36 S. E. 788;
Griffith v. Diffenderffer, 50 Md. 480; Shailer v. Bumstead,
99 Mass. 122; Patterson v. Lamb, 21 Tex. Civ. App. 512,
52 S. W. 98.) The motion for a directed verdict should
have been sustained. (Clark v. Young, 142 S. W. 1032;
In re. Shell's Estate, 28 Colo. 167, 63 Pac. 413.) Contest-
ants failed to establish undue influence. (Gibson v. Gib-
son, 24 Mo. 227; Bush v. Bush.) Declarations afford no
substantive proof of such influence. (Linebarger v. Line-
barger, 10 Am. & Eng. Ann. Cases 596; Comphers v.
Brown, 76 N. E. 678; In re. Hess Will, 31 Am. St. Rep.
690; Kaufkam v. Kaufman, 61 Am. St. Rep. 813; Gwin
v. Gwin, 48 Pac. 300.) Undue influence to vitiate a will
must destroy the free agency of the testator at the time
and bear directly on the testamentary act. (Weber v. Sulli-
van, 12 N. W. 319; In re. DeLaveaga's Estate, 133 Pac.
308; Pierce v. Pierce, 38 Mich. 413; Ginter v. Ginter, 101
Pac. 634.) The fact that testator's wife exercised influence
over her husband in his home affairs or in his business is
not evidence of undue influence. (Jostine v. Hamblin Es-
tate, 140 Pac. 677; In re. Gleason's Estate, 130 Pac. 872;
Vol. 13 Ency. of Evidence.) Circumstantial evidence that
will support the contest on the ground of undue influence
must be something more than suspicion. (In re. Shell's
Estate, 63 Pac. 413; Fulton v. Freeland, 118 S. W. 12;
In re. Lavinburg's Estate, 119 Pac. 915; In re. Kilborn's
Estate, 120 Pac. 762; Herwick v. Langford, 41 Pac. 701;
Beyer v. Lafevre, 186 U. S. 114; Gardner v. Gardner, 34
Am. Dec. 340; Latham v. Udell, 38 Mich 238.) What is
and what is not undue influence which will support a will
contest on that ground is clearly shown by the following
authorities: 40 Cyc. 1030; 40 Cyc. 1032; In re. Wilford's
Will, 51 A. (N. J.) 501; Maynard v. Taylor, 168 Mass.
107; Zelozoskei v. Mason, 64 N. J. Eq. 327; Church's New

Probate Law and Practice, Vol. 2, pages 1668-1672; In re. Morey's Estate, 82 Pac. (Cal.) 57; Morgan v. Morgan, 30 App. Cas. (D. C.) 436; 13 A. & E. 1037-1042; Parker v. Lambertz, 128 Iowa 496; Mallow v. Walker, 115 Iowa 238; In re. Kah, 113 N. W. (Iowa) 563; Kerr v. Lunsford, 2 L. R. A. (W. Va.) 668; Kennedy v. Dickey, 68 L. R. A. 317; In re. Powell, 138 Iowa 326; Perkins v. Perkins, 116 Iowa 253-259; Chapter 134, Session Laws 1915.

*E. E. Enterline, Thomas M. Hyde,* and *T. W. Lafleiche,* for defendants in error.

The ruling upon the motion to strike portions of contestants' petition is not reviewable. (Perkins v: McDowell, 3 Wyo. 328; Littleton v. Burgess, 16 Wyo. 58.) The probate laws of Wyoming authorize jury trials in will contests; it is clearly provided for by the statutes. (Section 5440, Comp. Stats. 1910.) Section 5441 provides that the courts will make a special finding after hearing the case. Future probate contests are tried on issues of fact in the same manner as in original contest. (Comp. Stats. 1910, Sections 5445-5446-5447.) Contests of noncupative wills are conducted in the same manner. (Section 5438, Comp. Stats. 1910.) Objections to appointments of executors or letters of administration must be heard by the court or judge. (Sections 5496, 5516 and 5517.) Orders removing executors and administrators are to be made by the court or judge. (Sections 5520, 5521, 5522, 5539 and 5540, Comp. Stats 1910.) Objections to the sufficiency of executors' or administrators' bonds may be heard by the court, judge or commissioner. (Sections 5543, 5544 and 5546, Comp. Stats. 1910.) And charges of embezzlement or mismanagement must be heard by the court or judge. (Sections 5482, 5483 and 5484.) See also Sections 5558 and 5559 and similar references appearing in the statutes relating to rejection of claims, reference of claims, sales of property, enforcement of written contracts for conveyance, accounting, orders, trials, and appeals, and it will be noted that in all instances providing for a hearing upon objections other than for the

contest of wills, both before and after probate, the words "court or judge," in some instances "court, judge or commissioner," or "court or officer," are used. Two decisions of this court indicate the right of trial by jury in will contests. (Weidenhoft v. Primm, 16 Wyo. 352, 94 Pac. 453; In re. Barrett's Estate, 22 Wyo. 281, 140 Pac. 95.) The admission of the record of proceedings relating to the adoption of contestants was not error; the record shows that the proceedings were regular and are therefore not subject to collateral attack. (Nugent v. Powell, 4 Wyo. 173, 20 L. R. A. 199.) Declarations of the testator may be admitted to prove or disprove his weakness of mind and susceptibility to undue influence. (40 Cyc. 1157-1158.) The testimony with reference to the non-payment of certain bequests made by testator's first wife was elicited on cross-examination and error cannot be predicated thereon. (Synd. Imp. Co. v. Bradley, 6 Wyo. 171; Atchison v. Arnold, Admin., 11 Wyo. 351; Lellman v. Mills, 15 Wyo. 149, 87 Pac. 985; Knickerbocker Ice Company v. Gray, 6 A. & E. Ann. Cas. 608; Jackson v. Kniffen, 3 A. D. 390; Roberts v. Trawick, 52 A. D. 164.) As to admissibility of testator's declarations to prove undue influence, see Waterman v. Whitney, 62 A. D. 71; In re. Calkin's Estate, 44 Pac. 577; In re. Rick's Estate, 117 Pac. 539; Gleason Estate, 130 Pac. 872; In re. McDevitt's Estate, 30 Pac. 101. It was competent for contestants to show that a large part of the property of which the deceased died possessed was acquired through the will of his former wife and that he had promised his former wife that his children should receive all of the property. (In re. Ruffino's Estate, 48 Pac. 127; Appeal of Gunn, 63 Conn. 254, 27 Atl. 1113; Murphy v. Nett, 47 Mont. 38, 130 Pac. 451.) The admissibility of the testimony of John and Mary Mengel not being discussed in the brief must be deemed to have been waived. (Boswell, Admin., v. Bliler, 9 Wyo. 277; Reiordan, et al. v. Horton, et al., 16 Wyo. 363; Pearce v. Holm (Wyo.) 152 Pac. 787.) Evidence of testator's relations with deceased prior to marriage was ad-

missible.  (40 Cyc. 1168-1169, cases cited; Alford v. John-
son, et al., 146  S. W. 516; In re. Flint's Estate, 34 Pac. 863;
Fulton v. Freeland, 219 Mo. 494, 131 A. S. 576.)  Evidence
of the value of property left by testator's former wife was
admissible.  (Board of Commissioners v. Young, 3 Wyo.
684.)  The objection made to the denial of contestee's mo-
tion for a directed verdict was waived by the introduction
of evidence by contestee at the close of contestants' case.
(Columbia, Puget Sound Ry. Co. v. Hawthorne, 144 U. S.
202, 36 L. Ed. 405; Grand Trunk Ry. Co. v. Cummings,
106 U. S. 700; Accident Ins. Co. v. Crandall, 120 U. S.
527, 30 L. Ed. 740.)  The motion was properly denied.
(In re. Shell's Estate, 28 Colo. 167, 63 Pac. 413.)  The
authorities cited by counsel for plaintiff in error on the ques-
tion of undue influence are distinguishable on the facts from
the case at bar.  Where a fiduciary and confidential relation
exists between the testator and the beneficiary the burden
to show that the will was executed without undue influence
rests upon the proponent.  (Chandler v. Jost, et al., 11 So.
636; Mowry, et al. v. Norman, 103 S. W. 15; Wendling v.
Bowden, 161 S. W. 774; Byrne v. Byrne, 150 S. W. 609.)
Where a contestant offers proof of fiduciary or confidential
relations the burden shifts to proponent to show lack of un-
due influence as the law presumes that it exists.  (Daus-
man v. Rankin, 189 Mo. 677, 107 A. S. 391; Higgenbotham
v. Higgenbotham, 17 So. 516.)  Proof of the pecuniary con-
dition of the contestee and of the uneqaul and inequitable
disposition of the property by the terms of the will are
proper circumstances to be considered on the question of
undue influence.  (Oxford v. Oxford, 71 S. E. 883; Thomp-
son v. Davitte, 59 Geo. 472; Byrne v. Byrne, 157 S. W.
609.)  Positive and direct testimony is not necessary to es-
tablish undue influence.  It may be shown by circumstantial
evidence alone.  (Shepardson v. Potter, 18 N. W. 575;
Alford v. Johnson, 146 S. W. 516; Dausman v. Rankin,
189 Mo. 677, 107 A. S. 391; Maddox v. Maddox, 114 Mo.
35, 35 A. S. 734.)  The following cases illustrate in a way

what may be considered and what amounts to undue influence in the meaning of the law: Borland on Wills, Sec. 97, and cases cited; Myers v. Hauger, 98 Mo. 433, 11 S. W. 974; Togan v. Jenkins, 29 Ark. 151; Coghill v. Kennedy, 119 Ala. 641, 24 S. 459; Estate of Arnold, 147 Cal. 583, 82 Pac. 252; Estate of Snowball, 157 Cal. 301, 107 Pac. 598; Estate of Everts, 163 Cal. 449, 125 Pac. 1058; Lehman v. Lindenmeyer, 48 Colo. 305, 109 Pac. 956; Byrne v. Byrne, 250 Mo. 633, 157 S. W. 609; Sutton v. Sutton, 5 Har. (Del.) 459; Olmstead v. Webb, 5 App. D. C. 38; In re. Young's Estate, 33 Utah 382, 94 Pac. 731, 17 L. R. A. (N. S.) 108, 126 Am. St. Rep. 843, 14 Ann. Cases 596; Abel v. Hitt, 30 Nev. 93, 93 Pac. 227; Estate of DeLaveaga, 165 Cal. 607, 133 Pac. 307; In re. Disbrow's Estate, 24 N. W. 624; Naylor v. McRuer, 154 S. W. 772; Alford v. Johnson, 146 S. W. 516; Trezevant v. Rains, 23 S. W. 890; Dausman v. Rankin, 189 Mo. 677, 107 A. S. 391; Jackson v. Moye, 32 Ga. 325; Higgenbotham v. Higgenbotham, 17 So. 516. If influence is brought to bear on the mind of a testator prior to the execution of a will and is so fixed as to retain its controlling influence, it is sufficient to defeat the will even though such influence was not actually exerted at the time of the execution of the will. (Alford v. Johnson, 146 S. W. 516; Mowry v. Norman, 130 S. W. 15; Taylor v. Wilburn, 20 Mo. 306, 62 A. D. 186; Borland on Wills & Administration, pp. 268-269.) Even though the evidence is slight showing undue influence the cause must be submitted to the jury, and even though the verdict is apparently against the great weight of evidence the Appellate Court will not be warranted in disturbing the verdict. (McDaniel v. Crosby, 19 Ark. 533.)

BEARD, JUSTICE.

Josiah Cook died on March 6, 1914, at the ⸝ of fifty-six years. At the time of his death he was possessed of property of the value of $30,000 or $35,000. He left surviving him Nina May Cook, his widow, and Anna Bolduc and Leila Beatrice Masonheimer, his adopted daughters. He

left a will executed October 16, 1912, by the terms of which (after providing for the payment of his funeral expenses and his just debts) he devised and bequeathed to said Anna Bolduc the sum of one thousand dollars in cash. To C. A. Zaring a diamond ring; and to said Nina May Cook all the residue of his property. The will was offered for probate in the district court, and was contested by the daughters on the ground of undue influence alleged to have been exerted over the testator by his wife. The trial resulted in a finding and judgment that the will was procured by undue influence exerted by said Nina May Cook over the deceased, Josiah Cook, and that the same was not his last will and testament, and refusing to admit it to probate. From that finding and judgment Nina May Cook brings the case to this court alleging error.

When the matter came on for trial in the district court, the contestants demanded a jury trial, to which the proponent and contestee objected. The objection was overruled and the matter submitted to a jury which returned its verdict that the will was procured by undue influence which verdict was adopted by the court and the court also made its own finding to the same effect. The granting of a jury trial is assigned as error. There are also numerous assignments of error on the rulings of the court in admitting and in excluding evidence, and other matters. The principal ground, however, upon which a reversal of the judgment is sought is the overruling of the motions of contestee for a directed verdict and in the court's refusal to admit the will to probate for the reason that the evidence was insufficient to support the contention that the will was procured by undue influence. Upon a full and careful examination of all of the evidence we are fully convinced that contestants have failed to present such a case as would warrant the rejection of the will in question as the will of the deceased. That being our conclusion on the merits of the case, the other assignments of error need not be considered. It appears that deceased was twice married, his first wife having died in August, 1909. It was during the lifetime of his first wife

that he adopted the contestants as his daughters, and both of them had left his home and were married prior to his marriage with plaintiff in error, which occurred in July, 1911; Mrs. Bolduc having been married December 31, 1908, and Mrs. Masonheimer left deceased's home in January, 1910, and was married sometime thereafter. The evidence is to the effect that deceased had a paternal affection for both of these adopted daughters until a short time after Mrs. Masonheimer left his home and went to Mrs. Bolduc's home in Minnesota, and that he was displeased with her marriage and for other reasons sufficient to explain why he disinherited her by his will. When he went to Mr. Zaring, his attorney, to have the will prepared he asked him if the will would be valid if he gave her nothing; and in other ways indicated to others his change of feeling toward her. After his death the will was found among other papers in his safe in his store, sealed in an envolope and endorsed "My last will, Josiah Cook," in the hand writing of deceased. Among those papers was a sealed envelope bearing deceased's business card and endorsed in his hand writing, "To be opened after my Death by C. A. Zaring. In case any question Is Raised concerning The validity of my will by the Masonheimers George or Trixie." (signed) "Josiah Cook." (It appears that Mrs. Masonheimer was also called and known as Trixie.) This envelope was opened by Mr. Zaring when contestants filed an application for an extension of time to prepare and file a contest against the probate of the will, and contained letters which indicate why Mrs. Masonheimer was disinherited, if that were material. The evidence is to the effect that deceased was an habitual user of intoxicating liquor, but was a man of strong will power, was not easily influenced, and was at all times able to and did attend to his business, he being a merchant, and also dealt in real estate. Evidence was admitted, over objection, that the first Mrs. Cook when she married deceased owned property of the value of from $10,000 to $20,000 and by her will left $500 to each of contestants and the balance to her husband, and it was claimed that these amounts had not been paid in full

by deceased who was executor of the will. And there was evidence tending to show that on her death bed she requested him to leave that property to contestants and that he promised to do so. But this is not a suit on a contract to make a will, and it is probable the jury was misled by such testimony. A witness who was a clerk in the store testified that he heard Mrs. Cook say to her husband, "have a will made out, you don't know what might happen, a person getting married a will should be made out the moment he got married, you don't know what might happen." This witness also testified that in October, 1912, Mr. Cook said to him, if Mr. Zaring come in tell him he would be back in a few minutes; that 'Mr. Zaring came and enquired for Mr. Cook and said to tell him he (Zaring) was waiting for him. That witness told Mrs. Cook Mr. Zaring wanted to see Mr. Cook, and that she said "Joe is having his will made out." The witness is positively contradicted by Mr. Zaring who said no such occurrence took place; and it was further shown that witness was not working in the store in October, 1912. There is no other evidence in the record that Mrs. Cook knew a will had been made, that she ever saw it or knew of its contents until after the death of Mr. Cook. Mr. Zaring testified that she was not present when Mr. Cook gave him the data for preparing the will or when it was executed, and that she had never consulted him or talked to him about it until after Mr. Cook's death. There is evidence of unfriendly feeling between contestants and contestee prior to the execution of the will, and there is evidence tending to show that this feeling on the part of contestee was engendered by the acts and conduct of contestants, and that this condition of affairs caused the deceased some distress of mind. We have not attempted to set out the entire evidence, as to do so would serve no useful purpose; but the above states substantially all of the facts upon which the charge of undue influence was based. From a consideration of the entire evidence we have arrived at our conclusions. There is nothing in the evidence to disclose that Mrs. Cook at any time exercised a controlling influence over her husband, but

on the contrary it appears that he was a man who managed his own affairs in his own way. The question is not whether this will is such an one as a juror, the district court or this court is of the opinion the testator should have made under the circumstances; but was it the will of Josiah Cook at the time, and was it his desire that his property should be disposed of after his death as therein bequeathed and devised? Wills deliberately made by persons of sound mind are not to be lightly set aside. And the undue influence which will warrant doing so must be proven to be such as destroys the free agency and thereby substitutes the will of another for that of the testator. The subject is quite fully discussed and authorities cited in Rood on Wills, Sec. 175 *et seq.*, and the rule of law on the subject is so well settled it is not deemed necessary to cite further authorities. It is seldom that this court feels it its duty to set aside the findings of a jury or the trial court on the evidence; but from a consideration of the entire record in this case we are forced to the conclusion that the evidence is so insufficient to sustain the verdict and finding of the court that the court should have directed a verdict in favor of contestee and against contestants, and should have found that the charge of undue influence was not sustained, and should have admitted the will to probate. We are convinced that the instrument offered for probate as the last will and testament of said Josiah Cook is in truth and fact his will and should be admitted to probate as such.

The order and judgment of the district court is reversed and the cause remanded with directions to vacate the order and judgment heretofore entered and to enter an order admitting the will to probate.

*Reversed and remanded with directions.*

POTTER, C. J., and SCOTT, J., concur.

### ON PETITION FOR REHEARING.

BEARD, JUSTICE.

Counsel for defendants in error have filed a petition for a rehearing in this case and urge two grounds therefor. First:

the failure of the court to specifically state in its opinion that a motion to strike the bill of exceptions from the files and to dismiss the proceeding in error was denied; and, Second: that the evidence does not sustain the conclusion announced in the opinion. We should have stated in the opinion that the motion to strike was denied. The cause was pending in the district court of Big Horn county, in the Fifth Judicial District, and on the judge of that district being disqualified the judge of another district was called in to try the case. After judgment was rendered a motion for a new trial was filed, and by consent of parties was heard and determined by the judge who tried the cause, at chambers in his own district. After the overruling of the motion for a new trial the plaintiff in error presented a bill of exceptions to the judge who tried the cause, which was allowed and made part of the record and is so certified to this court by the clerk of the district court. The motion to strike the bill from the files is based on the ground that no order was made giving the plaintiff in error time within which to present the bill for allowance. It is not claimed that the bill was not presented for allowance within the time the court might have granted had time been asked for that purpose, and it was presented before the first day of the succeeding term; but the contention and only contention is that it was necessary to ask for and procure an order granting time. We think the case comes clearly within the provisions of Sections 4463, 4464, 4465, 4466 and 4467, Compiled Statutes 1910, by the terms of which the judge is authorized at chambers and in vacation wherever he may be in the state to pass upon a motion for a new trial; and any party desiring to appeal from the decision so made shall have the right to do so without excepting to such order and decision; and shall have at least sixty days, and until the first day of the succeeding term should such day be more than sixty days distant, in which to present for allowance his bill of exceptions showing the errors complained of, without the making of any order by the court or judge allowing him such time. These provisions

are made to apply to the judge of another district called in to try a case. The bill in this case having been presented strictly within the provisions of this statute and being such a case as is therein provided for, the motion to strike it from the files was denied.

The case is unlike Palmer v. State, 157 Pac. 695, cited by counsel. In that case no bill of exceptions was ever filed in this court, and the record did not disclose that one had ever been presented for allowance or allowed. In this case the bill was presented and allowed and the judge certified that it "was presented within the time provided by law," which as we understand the statute was true.

Upon the other ground urged for a rehearing we have to say, that we gave to the evidence very full and careful consideration and were unanimously of the opinion that it was insufficient to sustain the contention that the will was procured by undue influence. Upon further consideration and consultation we are still of that opinion. The case was presented in an elaborate brief and fully argued orally, and we are convinced that little, if anything, could be added thereto by a reargument. A rehearing is denied.

*Rehearing denied.*

POTTER, C. J., and SCOTT, J., concur.