In the Matter of the Estate of
J. ALBIN ANDERSON, deceased,

ARVID E. ANDERSON, SYLVIA E. CROSSAN and
EDWIN P. ANDERSON,

*Contestants and Appellants,*

vs.

CHARLES R. ANDERSON,

*Proponent and Respondent.*

( No. 2584; April 21st, 1953; 255 Pac. (2d) 983)

For the contestants and appellants the cause was submitted upon the brief and also oral argument of Paul B. Lorenz of Cheyenne, Wyoming.

For the proponent and respondent the cause was submitted upon the brief of Henderson & Thomson of Cheyenne, Wyoming, and oral argument of Harry B. Henderson.

## OPINION

RINER, Justice:

The District Court of Laramie County entered an order admitting to probate an instrument purporting to be the last will and testament of J. Albin Anderson, deceased. The Notice of Appeal filed herein also covered the order of said court made the same day dismissing objections filed to the probate of the instrument aforesaid. These objections were filed by Arvid E. Anderson, Sylvia E. Crossan and Edwin P. Anderson hereinafter usually referred to as the "contestants." They are brothers and sister of both Charles R. Anderson, the proponent of the instrument aforesaid for probate, and J. Albin Anderson, the deceased.

On December 29, 1950, Charles R. Anderson filed in said court a paper designated "Petition for Probate of Will"; therein it was stated, among other things, that J. Albin Anderson died on or about the 25th of December, 1950, at Kimball, Nebraska; that at the time of his death he was a resident of Laramie County and left real property valued at probably $3,000 consisting of farm and town property and also personal property including cash, securities, merchandise and personal effects whose probable value is $3,044.39, the entire estate totalling in probable value $6,044.39; that said deceased left a will dated December 14, 1950, which petitioner believes and alleges to be the last will and testament of said deceased; that said will was presented to the court with said petition and reads:

"LAST WILL AND TESTAMENT

of

J. ALBIN ANDERSON

"KNOW ALL MEN BY THESE PRESENTS that I, J. Albin Anderson, a resident of Laramie County, Wy-

oming, of sound and disposing mind and body mindful of the uncertainties of life, do hereby make, sign, seal, and publish and declare this to be my Last Will and Testament, hereby revoking any and all wills and codicils by me at any time heretofore made.

"I.

"I hereby direct that the expenses of my last illness and funeral be first paid out of the proceeds of my property.

"II.

"I direct that my executor hereinafter named shall pay all of my just debts.

"III.

"I hereby devise and bequeath all of my property, real, personal and mixed, to my brothers and sister as follows:

| | |
|---|---|
| Elliott M. Anderson | 5% |
| Edwin P. Anderson | 5% |
| Arvid E. Anderson | 5% |
| Charles R. Anderson | 75% |
| Otto C. Anderson | 5% |
| Mrs. Bert Crossan | 5% |

"IV.

"Any of my property remaining that may not have been disposed of by the provisions of the preceding paragraph I devise and bequeath to

"V.

"I nominate and appoint Charles R. Anderson as executor of this My Last Will and Testament, to serve without bond.

"IN WITNESS WHEREOF I have set my hand and seal this 14th Day of December, 1950.

H.M.                    J. ALBIN ANDERSON,
A.H.S.                         Testator.

"The foregoing instrument consisting of two pages inclusive of this one at the date hereof was by the said J. Albin Anderson signed, sealed, published and declared to be his Last Will and Testament in the presence of us, who have at his request and in his presence, and in the presence of each other, subscribed our names

as witnesses hereto and placed out initials on the fore-going page.

"HENRI MUSOLF    Residing at Kimball, Nebraska
"A. H. SHAMBERG, M.D. Residing at Kimball, Ne-braska."

That the legatees and devisees mentioned in said will are brothers and sister of said deceased; that the heirs of deceased are the five brothers and one sister of said deceased named in said will, most of whom reside in Laramie County, Wyoming, except Elliott M. Anderson who resides in Fremont County, Wyoming, and Otto C. Anderson who resides in Windsor, Colorado; that at the time the will was executed the testator was 67 years of age, of sound mind and not acting under re-straint, duress, menace, fraud, undue influence or fraudulent misrepresentation; that said will is in writ-ing signed by the said testator attested by said sub-scribing witnesses, Henri Musolf of Kimball, Nebraska and A. H. Shamberg, M.D., also of Kimball, Nebraska, both of whom were competent to act as such. It was prayed that the will be admitted to probate and letters testamentary be issued to petitioner Charles R. Ander-son as the named executor of this will and that a time be fixed for proving said will and that all necessary orders be made. The petition was signed and was veri-fied on belief by said Charles R. Anderson, the pro-ponent thereof.

On August 23, 1951, the contestants aforesaid filed a paper designated "Opposition to Probate of the Will of J. Albin Anderson." The first two paragraphs there-of stated that the decedent, J. Albin Anderson, left no surviving wife, or surviving children, or surviving descendants of children, or father or mother, and listed the heirs-at-law to be the persons named in the will as legatees and devisees as set forth above. The third and fourth paragraphs of this "Opposition" read as

follows: "3. That the alleged testator, J. Albin Anderson, deceased, was on the 14th day of December, 1950, the date of the execution of the purported will herein referred to, of unsound mind and mentally incompetent to make and execute a valid will and testament. 4. That said alleged will was the result of undue influence and duress." It was prayed therein that the court adjudge that J. Albin Anderson was on the day of the execution of the will of unsound mind and mentally incompetent to make a valid will and that at that time he was acting under "undue influence and duress" and that said purported will was not the will of said J. Albin Anderson. This "Opposition" was verified by Edwin P. Anderson as he "verily believes." Thereafter Charles R. Anderson filed an "Answer to Opposition to Probate" which admitted the allegations in the first two paragraphs of said "Opposition" but denied the allegations of paragraphs 3 and 4 thereof and also all allegations of said "Opposition" not therein specifically admitted or denied. The prayer of this Answer was that the "Opposition's" prayer be denied and that the will be admitted to probate.

Before proceeding further with this opinion it should be noted that the contestants' and appellants' brief in this court contains the following statement: *"On the Uroposition the Testator was Mentally Incompetent at the Time of the Execution of the Will.* While this was assigned as error, after a careful review of the record, we find we cannot conscientiously challenge the testamentary capacity of the testator as such, and any question in this vein we have urged under the proposition of undue influence as bearing on the testator's susceptibility of the same." Additionally, we may say that when this case was argued we understood counsel for contestants to orally make substantially the same statement as appears above excerpted from his brief.

The only question therefore with which we are concerned at this time is whether the testator was acting under undue influence at the time he executed the instrument quoted above as the one presented to the court and asserted to be the Last Will and Testament of J. Albin Anderson, deceased.

The cause was tried to the court with the result that two final orders were entered June 10, 1952; the first of these was an order admitting the will to probate and appointing Charles R. Anderson as executor thereof; summarizing its recitals and findings the order is to this effect: That the court having heard all the evidence and arguments of counsel it finds that said will was duly executed; that the testator at the time of its execution was of sound and disposing mind and not acting under "duress, menace, fraud or undue influence"; that deceased's will dated December 14th, 1950, is the last will and testament of said decedent and a valid will of J. Albin Anderson; that the executor therein named should be appointed to serve without bond; that the allegations of the petition for probate are true and that those of the opposition to probate are not sustained by the law or the evidence; that the court finds generally for the proponent of the will and against the heirs of the decedent who filed the opposition to this probate; that due notice has been given of the time appointed for proving said will and hearing the petition aforesaid to all parties interested; that after examining the petition and the subscribing witnesses to said will the court finds it was legally executed in all particulars; that the testator died on December 25, 1950; that he was a resident of Laramie County at the time of his death; that the annual rental value of the realty in the estate is approximately $3,000 and personal property approximately $6,044.39, and the court being fully advised in the premises it is ordered:

"THAT the said Instrument heretofore filed purporting to be the Last Will and Testament of J. Albin Anderson, deceased, dated December 14th, 1950, be admitted to probate as the Last Will and Testament of said deceased; that Charles R. Anderson, named as executor in said instrument be, and he is hereby appointed as executor of said Last Will and Testament; that Letters Testamentary thereon be issued to him upon taking the oath required by law, said executor to serve without bond as provided by the terms of said instrument."

The second order aforesaid also made a general finding for the petitioner and against the heirs of the decedent opposing the probate of said will. This was followed by somewhat similar findings as those outlined above in the first order and it was: ORDERED, ADJUDGED AND DECREED the opposition to the probate of the will of J. Albin Anderson, deceased, above described, filed by Arvid E. Anderson, Sylvia E. Crossan and Edwin P. Anderson, be, and it is hereby dismissed at the cost of those heirs of the decedent by whom the probate was opposed;" the rest of this judgment being substantially like the first one above set forth. Exceptions were duly allowed to both orders and the matter is now here for disposition on the issue hereinabove indicated.

Before proceeding further it might be appropriate to refer to some of the general utterances of this court relative to the issue of undue influence. In Cook v. Bolduc, 24 Wyo. 281, 291; 157 Pac. 580; 158 Pac. 266, it was said:

"The question is not whether this will is such an one as a juror, the district court, or this court is of the opinion the testator should have made under the circumstances; but was it the will of Josiah Cook at the time and was it his desire that his property should be

disposed of after his death as therein bequeathed and devised? Wills deliberately made by persons of sound mind are not to be lightly set aside. And the undue influence which will warrant doing so must be proven to be such as destroys the free agency and thereby substitutes the will of another for that of the testator."

This view was reiterated in the much later case of In re Lane's Estate, Harris vs. Schoonmaker et al, 50 Wyo. 119, 135; 58 Pac. (2d) 415, 60 Pac. (2d) 360.

Our attention is directed by counsel to the case involving the Conroy estate as it was discussed in Sewall vs. McGovern, 29 Wyo. 62, 211 Pac. 96, but the facts in that case were radically different from those appearing in the case at bar. A few only of the many circumstances leading the trial court in that case to deny probate of the will will be here mentioned, viz.: The proponent was the sole beneficiary under that will. The decedent was unable to read or write her name. She signed by mark only and the proponent signed the name of the testatrix and even assisted her in making her mark as her signature; her family physician testified that testatrix was a case of "progressive senility and that she had long been mentally disturbed." In the Conroy case the proponent of the will came to this court with findings and judgment of the trial court against him. The reverse is true in the case at bar.

We should remember also that in such event where the assignments of error are such as we have before us that:

" * * * it must be borne in mind that the appellate court must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it." (Jacoby vs.

The Town of the City of Gillette, 62 Wyo. 487, 494; 174 Pac. (2d) 505 and cases cited.)

In re Seiler's Estate, 176 Cal. 771; 170 Pac. 1138, 1140, the rule was announced by the Supreme Court of California on the authority of many other decisions that:

"Clear proof of such influence is required in order that a solemnly executed statement may be set aside for undue influence. Estate of Clark, 170 Cal. 418, 149 Pac. 828; Estate of Gleason, 164 Cal. 756, 130 Pac. 872; Estate of Carithers, 156 Cal. 428, 105 Pac. 127; Estate of Lavinburg, 161 Cal. 543, 119 Pac. 915; Estate of Kilborn, 162 Cal. 11, 120 Pac. 762."

1 Bancroft's Probate Practice, (2d) Ed.) page 517, § 210 adopts this as the correct rule.

It would serve no useful purpose to review the evidence in the case at bar. Each case of this character is sui generis and must be largely determined upon its own facts and circumstances.

It is sufficient to note that the trial court saw most of the witnesses and was in a far better position than we are to weigh their testimony. Nevertheless we may properly say that applying the rules of law to which reference has hereinabove been made we have very little difficulty in concluding that the trial court decided correctly in reaching the result it did. The judgment and orders of the District Court of Laramie County, appealed from, should accordingly be affirmed.

Affirmed.

BLUME, C.J. and HARNSBERGER, J., concur.