In the Matter of the ESTATE OF Zona R. LOOMIS, Deceased.

Gerald James WHITING, Ray Whiting, Jack Wallis Whiting, Merrel Deremo, Bonnie J. Lutterman, and Hugh K. Loomis, Appellants (Petitioners),

v.

William H. VINES, Personal Representative of the Estate of Zona R. Loomis, Appellee (Respondent).

No. 90–231.

Supreme Court of Wyoming.

May 3, 1991.

Fred W. Phifer, Wheatland, for appellants.

Frank J. Jones, Wheatland, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

## OPINION

MACY, Justice.

Appellants Gerald James Whiting, Ray Whiting, Jack Wallis Whiting, Merrel Deremo, Bonnie J. Lutterman, and Hugh K. Loomis allege that Appellee William H. Vines unduly influenced Zona R. Loomis when she made her Last Will and Testament. The district court granted summary judgment in favor of Vines.

We affirm.

Appellants raise the following issues for our review:

1. The Court erred in finding that there was no presumption of undue influence.

2. The Court erred in failing to consider the ethical matters involved.

3. The Court erred in denying that W.H. Vines was not a beneficiary under this Will.

4. The Court erred in even considering testamentary capacity.

5. The Court erred in failing to find that the Affidavits of Appellants raised material questions of fact.

6. The issue to be decided is whether there was undue influence on the part of Wm. H. Vines in the preparation of Zona Loomis' Will.

7. The Court erred in granting Appellee's Motion for Summary Judgment.

In addition, Vines questions whether Merrel Deremo, Bonnie J. Lutterman, and Hugh K. Loomis have standing to contest the will.

Although Appellants identify seven issues on appeal, the substance of the issues presented is simply whether a genuine issue of material fact exists as to Appellants' claim of undue influence. It is unnecessary to decide Appellants' second issue because the issue here is one of undue influence in a will contest and not an action against an attorney for violating the rules of professional conduct. *First Security Bank & Trust Co. v. Christianson,* 430 N.W.2d 124 (Iowa 1988). Also, because our resolution of Appellants' claim of undue influence is dispositive in this case, we do not consider the question of standing raised by Vines.

For most of her life, Zona R. Loomis was a Wyoming resident who lived on a ranch five miles northeast of Wheatland, Wyoming. Following the death of her husband in 1980, Mrs. Loomis engaged Vines, a practicing attorney in Wheatland, to prepare a new will to replace an earlier will which had been drafted by Vines and executed by Mrs. Loomis in 1974. Mrs. Loomis executed the new will on August 31, 1981.

In December 1985, Mrs. Loomis' personal physician diagnosed her as suffering from alzheimer's disease. In October 1986, she was admitted to a health care facility in Colorado where she spent the last three years of her life. Mrs. Loomis died without issue on October 16, 1989. Her 1981 will, which expressly revoked all former wills, was admitted to probate. Vines was

appointed as the personal representative pursuant to a provision in the will.

Mrs. Loomis' estate was appraised at slightly over one million dollars. Her will gave specific cash bequests totalling $26,-500 to nine of her nieces and nephews, including each of the Appellants. In addition, the will made specific bequests of $5,000 each to two friends and $5,000 to a local museum. The balance of the estate was divided into two trusts—a scholarship trust to provide college scholarships for Platte County, Wyoming, high school graduates and a residuary trust for the benefit of ten charitable organizations. The will appointed Vines and one of Vines' law partners as trustees.

Alleging that Vines exercised undue influence over Mrs. Loomis in the preparation of her will, Appellants petitioned the district court to set aside the will. Vines moved for summary judgment, and the parties submitted materials in support of and in opposition to the motion. The district court granted Vines' motion for summary judgment on August 15, 1990, and this appeal followed.

■ We apply the standards which govern appellate review of summary judgments as set forth by this Court on many previous occasions. *Keabler v. City of Riverton*, 808 P.2d 205 (Wyo.1991). In Wyoming, a will deliberately made by a person of sound mind is not to be lightly set aside. *Brosius v. Gardner*, 683 P.2d 663 (Wyo.1984); *Cook v. Bolduc*, 24 Wyo. 281, 157 P. 580 (1916). The burden of proving undue influence rests upon the will contestant. *Merrill v. Van Etten*, 80 Wyo. 276, 341 P.2d 506 (1959). "Clear proof of undue influence is required to render a will voidable." *Macaraeg v. Wilson*, 749 P.2d 272, 277 (Wyo.1988). Evidence must be shown that free agency was destroyed and that the volition of another was substituted for that of the testatrix. *Brosius*, 683 P.2d 663.

■ Appellants allege that the will should be set aside because Vines exercised undue influence over Mrs. Loomis so as to secure for himself and others in his law firm the rights to executor and long-term

trustee fees. Appellants argue that Vines had a conflict of interest, that Mrs. Loomis did not receive the benefit of outside or disinterested counsel prior to executing her will, and that Vines made himself a beneficiary under the will.

In support of his motion for summary judgment, Vines submitted an affidavit stating that he was not named as a beneficiary under the will and that he drafted the will at Mrs. Loomis' request and according to her desires. He contends that he did not exert undue influence over Mrs. Loomis in the preparation and execution of her will, and he denies exerting control over whom Mrs. Loomis included or excluded in her will as a beneficiary, executor, or trustee. Vines stated that Mrs. Loomis read and understood her will at the time of execution and that at no time after August 31, 1981, did he exert any influence or take any action which would have prevented Mrs. Loomis from revising her will.

In addition, Vines submitted affidavits from the two witnesses to the execution of the will which indicated that Mrs. Loomis was of sound mind and was not influenced in any way when she read and signed her will. Affidavits from two of Mrs. Loomis' close friends indicate that Mrs. Loomis did not exhibit any unusual behavior in August of 1981 and that she did not appear to suffer from any mental or physical incompetency.

Taken as a whole, this evidence satisfied the threshold requirement of establishing the nonexistence of any genuine issue of material fact of Vines' undue influence. The burden then shifts to the party opposing the motion for summary judgment to present specific facts showing the existence of a genuine issue of material fact. *Leonard v. Converse County School District No. 2*, 788 P.2d 1119 (Wyo.1990).

In *Peterson v. McMicken*, 72 Wyo. 444, 266 P.2d 238 (1954), this Court adopted a four-part test for proving undue influence in a will contest. We held that the party asserting the exercise of undue influence must present competent evidence which establishes

"(1) the relations between the one charged with exercising the undue influence and the decedent affording the former an opportunity to control the testamentary act; (2) that the decedent's condition was such as to permit * * * subversion of h[er] freedom of will; (3) that there was activity on the part of the person charged with exercising undue influence; and (4) that such person unduly profited as beneficiary under the will."

*Id.* at 480, 266 P.2d at 252 (quoting *Llewellyn v. Cheesewright,* 83 Cal.App.2d 534, 189 P.2d 822, 839 (1948)). *See also Brosius,* 683 P.2d 663; and *Pence v. Lush,* 374 P.2d 425 (Wyo.1962).

▮ The evidence is uncontroverted that, as Mrs. Loomis' attorney, Vines shared a confidential and fiduciary relationship with his client. Thus, under the first prong of the undue influence test, it is arguable that Vines had the opportunity to control Mrs. Loomis' testamentary disposition. However, the mere existence of a confidential or fiduciary relationship is insufficient to give rise to a presumption of undue influence. *Leseberg v. Lane,* 369 P.2d 533 (Wyo.1962). Similarly, in *Macaraeg,* 749 P.2d 272, we held that simply having the opportunity to control, without more, does not prove undue influence.

▮ The bulk of the evidence submitted by Appellants in this case goes to the second element of the undue influence test— showing Mrs. Loomis' susceptibility to undue influence. The affidavits submitted by Appellants attempted to question Mrs. Loomis' testamentary capacity which, in turn, raised the issue of susceptibility to undue influence. The district court found, and we agree, that the assertions made by Appellants as to Mrs. Loomis' testamentary incapacity at the time she executed her will in 1981 failed to satisfy the competency requirements of W.R.C.P. 56(e). The evidence does not give rise to a genuine issue of material fact. Evidence of Mrs. Loomis' declining mental and physical health in the years after she executed her will is irrelevant to the issue of testamentary capacity and susceptibility to undue influence at the time of execution.

Under the third prong of the undue influence test, the record, when viewed in the light most favorable to Appellants, is devoid of any evidence of deliberate activity by Vines to exercise undue influence over Mrs. Loomis in the drafting and execution of her will. *See Brosius,* 683 P.2d 663; *Carey v. Smith,* 504 P.2d 793 (Wyo.1972); and *Conrad v. Meyer,* 399 P.2d 1008 (Wyo. 1965).

▮ Considering the fourth element of the undue influence test, Appellants fail to present any evidence that Vines was a beneficiary under specific terms of Mrs. Loomis' will. Appellants contend, however, that a presumption of undue influence arises because Vines' extensive powers as trustee under the terms of the testamentary trust agreement created a significant beneficial interest.

We have reviewed the terms of the trust agreement and determine, as did the district court, that Vines' powers as trustee are consistent with the Uniform Trustees' Powers Act, Wyo.Stat. §§ 4–8–101 to –110 (1982). We hold that, under the facts of this case, Vines' designation as trustee does not give rise to a presumption of undue influence and does not create a genuine issue of material fact. *See Zinnser v. Gregory,* 77 So.2d 611 (Fla.1955); *Shelton v. McHaney,* 338 Mo. 749, 92 S.W.2d 173 (1936); and *Breadheft v. Cleveland,* 184 Ind. 130, 108 N.E. 5 (1915) (holding that an attorney who drafted an instrument in which he was designated as an executor or trustee did not derive a beneficial interest which created a presumption of undue influence).

After reviewing the affidavits and other materials presented by the parties, we conclude that Appellants failed to demonstrate the existence of a genuine issue of material fact which would preclude summary judgment as a matter of law. The materials supporting Appellants' contention that Vines exercised undue influence over Mrs. Loomis in the preparation and execution of her will are merely speculative and conclusory. Appellants failed to present any

competent evidence to prove the last three elements of the undue influence test—that Mrs. Loomis was susceptible to undue influence at the time she executed her will in 1981, that Vines actually influenced Mrs. Loomis, and that Vines unduly profited as a beneficiary under Mrs. Loomis' will. We hold that Vines is entitled to summary judgment as a matter of law.

Affirmed.