Phillip MERCADO; Juanita Mercado; Anita Garcia; Ramona Zaring; and Manuella Ochoa, Appellants (Plaintiffs),

v.

Mary TRUJILLO; Rose Romero; Virginia Bosch; and Alfrieda Gonzales, Appellees (Defendants).

No. 98–286.

Supreme Court of Wyoming.

June 8, 1999.

William D. Bagley, Bagley Law Office, Cheyenne, WY, and Mary B. Guthrie, Cheyenne, WY., for Appellants

Gregory C. Dyekman, Dray, Thomson & Dyekman, Cheyenne, WY, and Stephen F. Freudenthal, Cheyenne, WY., for Appellees

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Phillip Mercado, Manuella Ochoa, Anita Garcia, Juanita Mercado, and Ramona Zaring (collectively Appellants) appeal from a summary judgment order of the district court disposing of their claim that Mary Trujillo, Virginia Bosch, Rose Romero, and Alfrieda Gonzales (collectively Appellees) unduly influenced their mother's testamentary decisions.

We affirm.

## ISSUES

The Appellants frame the issue on appeal in two parts:

Did the Trial Court Err When it Granted Summary Judgment, in Spite of the Disputed Material Facts?

Did the Trial Court Err When it Concluded That the Appellees Were Entitled to Summary Judgment as a Matter of Law?

Appellee Rose Romero frames the issue in the form of a statement:

Summary Judgment was appropriately granted to Rose Romero because Appellants failed to submit any competent evidence of specific facts countering those facts presented by Appellees' regarding

Antonia Mercado's susceptibility to subversion of her freedom of will.

Appellees Mary Trujillo, Virginia Bosch, and Alfrieda Gonzales presented the following statement of the issue:

Whether the trial court properly granted summary judgment to Appellees because there was no genuine issue of material fact on one of the four elements of undue influence: Antonia Mercado's condition was *not* such as to permit subversion of her will.

## FACTS

This dispute centers around changes made by the decedent Antonia Mercado (Antonia) in 1996 to her testamentary dispositions. The parties are all Antonia's children but for Appellee Alfrieda Gonzales, who is the decedent's granddaughter.

In 1984, Antonia made a will which left her estate to all of her children on a *per stirpes* basis which meant that each child would receive an equal share of the estate or, if one of the children predeceased Antonia, their descendants would have split equally that child's share. On May 22, 1990, Antonia effected major changes in her testamentary plan by establishing a revocable trust with Antonia as trustee and her children, Appellees Rose Romero and Mary Trujillo and Appellant Juanita Mercado, as successor trustees in that order. The trust left Antonia's residuary estate, including investments and real estate, in equal shares to her children on a *per capita* basis, which meant that only the surviving children would have shared equally in the estate.

In 1996, Antonia, at age ninety-five, made additional changes to her testamentary plan, which are the genesis of this dispute. Accompanied by Appellees Rose Romero, Mary Trujillo, and Alfrieda Gonzales, Antonia went to her attorney's office to amend her trust. The upshot of the amendments was the disinheritance of the Appellants. A letter, which explained why she was taking this action, was provided to Antonia's attorney with directions to disclose its contents upon Antonia's death. The letter was dictated to Appellee Alfrieda Gonzales and signed by Antonia. Prior to Antonia's execution of the amendment on July 12, 1996, the attorney met with her alone to substantiate Antonia's desire to effectuate the changes in the trust.

Antonia died on December 11, 1996, and on July 29, 1997, the Appellants instituted this action against the Appellees. Among the several causes of action alleged in the complaint, the only one that concerns us in this appeal is the claim that the Appellees used undue influence to affect Antonia's testamentary disposition.

On April 17, 1998, the Appellees filed a motion for summary judgment. After considering the motion and the affidavits in support and opposition thereto, the district court granted the motion on the grounds that the Appellants "failed to put forth admissible evidence creating any genuine issue of material fact that Antonia Mercado's condition was such as to permit subversion of her freedom of will." Appellants take their appeal from that determination. Additional facts will be set forth hereafter, as necessary.

## STANDARD OF REVIEW

Our standard for the review of summary judgments is well established:

" 'When a motion for summary judgment is before the supreme court, we have exactly the same duty as the district judge; and, if there is a complete record before us, we have exactly the same material as did he. We must follow the same standards. The propriety of granting a motion for summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from the facts contained in affidavits, depositions and other proper material appearing in the record.' " *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, Wyo., 638 P.2d 147, 150 (1981). See also, *Blackmore v. Davis Oil Company*, Wyo., 671 P.2d 334, 336 (1983). "A summary judgment should only be granted where it is clear that there are no

issues of material facts involved and that an inquiry into the facts is unnecessary to clarify the application of law. *Johnson v. Soulis,* Wyo., 542 P.2d 867 (1975). A material fact is one which has legal significance. *Johnson v. Soulis,* supra. It is a fact which would establish a defense. *Wood v. Trenchard,* Wyo. 550 P.2d 490 (1976). After the movant establishes a prima facie case the burden of proof shifts to the opposing party who must show a genuine issue of material fact, *Gennings v. First Nat'l Bank of Thermopolis,* Wyo., 654 P.2d 154 (1982), or come forward with competent evidence of specific facts countering the facts presented by the movant. *Matter of the Estate of Brosius,* Wyo., 683 P.2d 663 (1984). The burden is then on the nonmoving party to show specific facts as opposed to general allegations. 10 Wright & Miller, Federal Practice and Procedure: Civil § 2727, p. 538. The material presented must be admissible evidence at trial. Conclusory statements are not admissible. *Bancroft v. Jagusch,* Wyo., 611 P.2d 819 (1980). We give the party defending the motion the benefit of any reasonable doubt." *Roth v. First Security Bank of Rock Springs, Wyoming,* Wyo., 684 P.2d 93, 95 (1984).

*Nowotny v. L & B Contract Industries,* 933 P.2d 452, 455 (Wyo.1997) (quoting *Thomas by Thomas v. South Cheyenne Water and Sewer Dist.,* 702 P.2d 1303, 1304 (Wyo.1985)).

## DISCUSSION

A testamentary disposition deliberately made by a person of sound mind is not to be lightly set aside. *Matter of the Estate of Loomis,* 810 P.2d 126, 128 (Wyo.1991); *Matter of Estate of Brosius,* 683 P.2d 663, 665 (Wyo.1984). The burden of proving undue influence rests upon the contestant to provide clear proof that the decedent's free agency was destroyed, and the volition of another was substituted for theirs. *Matter of the Estate of Loomis,* 810 P.2d at 128. A party asserting the exercise of undue influ-

ence must present competent evidence establishing:

"(1) the relations between the one charged with exercising the undue influence and the decedent affording the former an opportunity to control the testamentary act; (2) that the decedent's condition was such as to permit * * * subversion of h[er] freedom of will; (3) that there was activity on the part of the person charged with exercising undue influence; and (4) that such person unduly profited as beneficiary under the will."

*Matter of Estate of Loomis,* 810 P.2d at 128–29 (quoting *Peterson v. McMicken,* 72 Wyo. 444, 480, 266 P.2d 238, 252 (1954)).

In this case, the district court granted summary judgment for the Appellees solely on the basis that the Appellants had failed to offer admissible evidence creating a genuine issue of material fact that Antonia's condition was such "as to permit subversion of her freedom of will." Therefore, our concern is the evidence relevant to the second element of undue influence,[1] and the focus will necessarily be on the decedent's condition at the time she made the changes to her trust.

In support of their motion for summary judgment, the Appellees offered the deposition of Antonia's attorney, who made the changes in the trust. The attorney testified that she met with Antonia alone. She indicated that although English was Antonia's second language, Antonia understood it very well. The attorney discussed the proposed changes with Antonia, including the letter that was dictated by her to Alfrieda Gonzales. That letter, setting forth the reasons why Antonia was making the changes to her trust, was signed by her in the attorney's presence. The attorney testified that it was her impression that Antonia knew exactly what she was doing, and that the changes in the trust reflected her intent.

The Appellees also offered affidavits from three home health care providers who attended to Antonia during the time in question. Each asserted that Antonia was an

---

1. Appellants address each of the elements of undue influence in their brief. Since the district court's decision was based solely on the second element, we will assume, for purposes of this opinion, that sufficient admissible evidence relating to the other elements existed to defeat a summary judgment motion as to those elements.

intelligent, independent person who was mentally sharp, and despite some health problems, Antonia was generally in good physical health. In addition, affidavits from two neighbors and Antonia's investment advisor indicated that the contact these affiants had with Antonia led them to believe that she was intelligent and knew what she was doing. Finally, the Appellees offered the affidavit of Antonia's doctor in reply to the Appellants' materials in opposition to the summary judgment. The doctor affirmed that Antonia was "bright, intelligent and in charge of herself and her surroundings," and there was no indication of incompetency or domination.

In opposition to the motion for summary judgment, Appellants countered with their own affidavits containing statements relating the actions of the Appellees allegedly constituting undue influence. None of the Appellants, however, addressed how Antonia's condition rendered her susceptible to such influence. Indeed, one could peruse the entire content of the materials submitted in opposition to summary judgment and not find a single reference to Antonia's mental or physical condition at the time she made the changes to her trust. While Appellants' brief argues that Antonia was susceptible to influence, matters alluded to by attorneys at motion hearings or in briefs are not evidence. *Venable v. State*, 854 P.2d 714, 716 (Wyo.1993).

Once the Appellees had introduced admissible evidence relating to the decedent's condition in support of their motion for summary judgment, the burden shifted to the Appellants to counter with admissible evidence raising issues of material fact. The Appellants completely failed to offer any evidence on this issue at all. Since the Appellants had failed to offer admissible evidence raising an issue of material fact on one of the required elements of their cause of action, the district court correctly granted summary judgment.

## CONCLUSION

In a typically thorough discussion of the general topic some 45 years ago, Chief Justice Blume included the following observations:

> "No right of the citizen is more valued than the power to dispose of his property by will. No right is more solemnly assured to him by the law.... Next of kin and relatives, no matter how near they may be, cannot be said to have any natural right to the estate of the testator which can be asserted against the legally executed will of the latter."

*In re Nelson's Estate*, 72 Wyo. 444, 266 P.2d 238, 246 (Wyo.1954) (quoting *Isaac v. Halderman*, 76 Neb. 823, 107 N.W. 1016, 1019 (Neb.1906)).

So we conclude here. Antonia Mercado chose to exercise the right to dispose of her property, and altered her testamentary plan. The record does not support the suggestion that she did so contrary to her competent, free will. We find that no genuine issue of material fact exists in relation to the condition of Antonia at the time she made the challenged changes to her trust entitling the Appellees to judgment as a matter of law. The summary judgment hereby is affirmed.